(June 27, 1968)

◼ MARLA OATES, Also Known as MARLA LYDAY, Appellant, v. GEORGE H. OATES, Respondent.— Order, entered January 5, 1968, unanimously modified, on the law and the facts, to the extent of granting plaintiff's application for counsel fees and awarding to her the sum of $250 as such fees, and as so modified affirmed, with $30 costs and disbursements to the appellant. In the circumstances, the plaintiff wife was entitled to an allowance of counsel fees in the sum fixed in connection with her motion to punish defendant husband for contempt in his failure to make payments for support and maintenance of his children as provided by a judgment of divorce and in connection with her opposition to defendant's cross motion to reduce the payments. Concur— Botein, P. J., Eager, Capozzoli, McGivern and Macken, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WILKINS, Appellant.— Order entered January 15, 1965, herein appealed from, which denied without a hearing appellant's petition for a writ of error coram nobis, unanimously reversed, on the law, and a hearing is directed on petitioner's allegations that he was prevented from filing a notice of appeal by reason of his mental incapacity and the actions of prison officials. The history of defendant prior to his conviction and sentence evidenced some mental instability. His present allegations that he was prevented by mental incapacity and the actions of prison officials from filing a notice of appeal are not controverted by documents or other incontrovertible evidence. Defendant is therefore entitled to a hearing on his allegations. (People v. Hairston, 10 N Y 2d 92; People v. Hannigan, 7 N Y 2d 317, 318.) Concur— Botein, P. J., Stevens, McGivern, McNally and Macken, JJ.

◼ ESTHER WELTMAN, Respondent, v. SAMUEL WELTMAN, Appellant.— Judgment awarding plaintiff a separation, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of reducing alimony to $100 a week, effective January 9, 1968, the date of the judgment, reducing counsel fee to $1,000, and deleting the fourth decretal paragraph of the judgment, without prejudice, and, as so modified, affirmed, without costs or disbursements. In the circumstances, we are of the opinion that the reduced alimony is consonant with the preseparation standard of living, and retroactivity should be limited to the date of the judgment since plaintiff was dilatory in applying for temporary alimony and in the prosecution of the action. The complaint and "amended supplemental complaint" served seven months later do not allege the claim of title adjudicated by the fourth decretal paragraph, and no proof was adduced with reference thereto. This claim can properly be disposed of in a plenary action. Concur— Eager, J. P., Capozzoli, McGivern, Rabin and McNally, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES FOWLKES, Appellant.— Judgment unanimously affirmed. No opinion. Concur— Stevens, J. P., Eager, Steuer and McNally, JJ.; Capozzoli, J., concurs in the following memorandum: While defendant's plea may be technically attacked on the ground that he pleaded guilty to a crime which involved a family dispute and which should have been transferred to the Family Court in the first instance, such plea "should be sustained on the ground that it was sought by defendant and freely taken as part of a bargain which was struck for the defendant's benefit". (People v. Foster, 19 N Y 2d 150, 154.) Surely the court below had jurisdiction over the counts in the indictment charging burglary first degree and possession of dangerous weapons without a referral to the Family Court.