■ . LOTTIE MALMAN, Respondent, v. BENJAMIN MALMAN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, entered June 5, 1974, after a nonjury trial, which *inter alia* (1) granted plaintiff a separation on the ground of abandonment, alimony and counsel fees and (2) awarded plaintiff $32,375 to reimburse her for expenditures for necessaries from November 1, 1972 to May 16, 1974. Judgment modified, on the law and the facts, by striking therefrom the fourth decretal paragraph, which awarded the $32,375 to plaintiff, by substituting therefor a provision dismissing the second cause of action, which is for reimbursement as to expenditures for necessaries, and, in further substitution of said $32,375 award, by changing the date, in the second decretal paragraph, as of when the alimony award shall commence from May 17, 1974 to May 7, 1973, the date of the commencement of this action. As so modified, judgment affirmed, without costs. Concededly defendant, after 31 years of marriage, and in the latter part of October, 1972, left the marital home and abandoned plaintiff, without any intention to return. Defendant claims that from that date until February, 1973 he paid plaintiff $1,000 per month for her support. There is an issue whether that money was plaintiff's funds or defendant's, which issue the trial court decided in plaintiff's favor. Beginning about February, 1973 defendant stopped making any payments whatsoever to plaintiff, on his former attorney's advice. On May 7, 1973 this action was instituted by service of a summons on defendant. On November 5, 1973 plaintiff served a complaint seeking, in her first cause of action, a separation, alimony, counsel fees and exclusive possession of the marital home. In her second cause of action she sought reimbursement for expenditures claimed to have been made by her from her own funds for necessaries from the date of the abandonment in 1972. In our view, the evidence is insufficient to sustain the trial court's award for the alleged necessaries. Where, as here, a cause of action to recover for necessaries is joined with a cause of action for separation, it is essential that the wife furnish " competent proof of what the items were and whether they were in fact necessaries " (cf. *Himelfarb* v. *Himelfarb*, 35 A D 2d 664, 665). Nonetheless, we believe there is a basis in the record to justify an award of alimony to plaintiff commencing as of May 7, 1973, the date of the commencement of the action, rather than the commencement date fixed in the judgment (see *McCarthy* v. *McCarthy*, 143 N. Y. 235). We feel

the retroactive alimony award is appropriate here because it appears that defendant deliberately avoided making any support payments during the pendency of the action. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., Concur.