■ JALLEH KALIMIAN, Respondent, v MICHAEL KALIMIAN, Appellant.—In a matrimonial action, defendant appeals, as limited by his notice of appeal and brief, from so much of a judgment of divorce of the Supreme Court, Queens County, dated March 8, 1977, as made provision with respect to alimony, child support, arrearages, counsel fees and expenses and possession of the marital premises. Judgment modified, on the law, by (1) reducing the amount of $60,000 set forth in the fifth decretal paragraph thereof to the amount of $33,800, and by reducing the amount of the weekly installments from $1,153.85 to $650, (2) reducing the amounts of $9,750 set forth in the sixth decretal paragraph thereof for the support of the children, Bonnie and Morad, to the amounts of $5,720 for the maintenance and support of each of the children, and by reducing the amounts of the weekly installments for each of the children to $110, (3) adding to the seventh decretal paragraph thereof provisions (a) conditioning the payments of medical and dental expenses of the minor children upon prior approval of the defendant, except in the event of emergencies, and (b) that upon refusal of the defendant to approve such expenses, application may be made to the court for such approval, (4) deleting from the tenth decretal paragraph thereof the amount "$145,363.26" and substituting therefor the amount "$111,150", (5) deleting from the eleventh decretal paragraph thereof the amount "$41,914.32" and substituting therefor the amount "$37,620" and (6) reducing the amounts "$60,000" and "74,004.12" set forth in the twelfth decretal paragraph thereof to the amounts "$45,000" and "59,004.12", respectively. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Under the facts, retroactivity to November 20, 1973 was properly granted in this case based upon the defendant's dilatory and obstructive tactics and frequent changes of counsel, causing delays in the trial of the action. We find that the award of a counsel fee was excessive to the extent indicated herein and further find that the awards of alimony and child support as modified by this court, are consistent with the marital standards of living and the needs of the wife and the children. The other contentions raised by the defendant on appeal have been examined and found to be without merit. Latham, J. P., Shapiro and Hawkins, JJ., concur. Suozzi, J., concurs in the modification of the judgment, but otherwise dissents and votes to further modify the judgment by providing that the alimony and support should commence as of the date of the commencement of the trial, with the following memorandum: I disagree with that part of the majority's determination which upholds an award of permanent alimony and child support totaling over $45,000 a year (or $870 a week) retroactive to the date of the commencement of the action and grants the plaintiff a judgment of $148,770 for arrears accumulated over the three-year period between the commencement of the action and the date of judgment. Al-

though there is authority for the general proposition that a court has power to award permanent alimony and child support as of the date of the commencement of a matrimonial action *(McCarthy v McCarthy,* 143 NY 235; *Forrest v Forrest,* 25 NY 501; *Burr v Burr,* 10 Paige Ch 20, affd 7 Hill 207; *Malman v Malman,* 46 AD2d 803), it was only in *Burr (supra),* an extremely old case (1842), that a court directly held that an award of permanent alimony and child support could be made retroactively, which would have the effect of amending upward an existing order granting temporary alimony and child support. The more modern approach to the problem is embodied in the holding of *Turner v Woolworth* (221 NY 425, 428-429), where the Court of Appeals held that an award of temporary alimony "when allotted, measures the husband's duty of support" until it is vacated or superseded. Similarly, in *Pokress v Pokress* (71 Misc 2d 171), the court, citing *Turner,* held that, in entering a final judgment of divorce, a court could not retroactively modify a temporary support award and require a husband to pay for expenses not included therein (see, also, *Matter of F.L.C. v E.W.P.,* 49 AD2d 263). Moreover, even if a retroactive award of permanent alimony and child support which effectively amends a pre-existing award *pendente lite* is within the court's power, it must at the very least be scrutinized to determine whether the court's discretion has been abused *(Brown v Brown,* 34 AD2d 907). In the case at bar, plaintiff had already been granted an adequate award of temporary alimony and support in the amount of $500 per week pursuant to an order dated May 8, 1974, almost three years prior to the entry of final judgment. (Pursuant to both the temporary award of alimony and a provision of the final judgment of divorce which has not been modified by this court, defendant must also pay the carrying charges of the marital home.) This adequate award of temporary alimony was granted by the Special Term after a reading of the plaintiff's moving papers, to which were annexed defendant's tax returns, which indicated his substantial wealth, and defendant's moving papers, in which he admitted that he derived substantial moneys from capital gains, but minimized his ordinary income. The court's award of temporary alimony demonstrates that it did not give credence to defendant's minimization of his income. The majority justifies a retroactive award of permanent alimony and child support "based upon the defendant's dilatory and obstructive tactics and frequent changes of counsel, causing delays in the trial of the action." Even assuming this to be true, plaintiff could, on her own initiative, have (1) attempted to expedite the trial, (2) sought to punish defendant for contempt for any failure in complying with the temporary award of alimony and child support or (3) moved to modify the temporary award of alimony and support if it was truly inadequate. In view of plaintiff's failure to exercise the powers and remedies available to her to counter defendant's alleged delaying tactics, the retroactive award, approved by the majority, of permanent alimony and child support, thereby amending upward an existing order of temporary alimony and child support, can only be described as excessive and should not be allowed. Moreover, the majority compounds its error by affirming the retroactivity of the award not only to May 8, 1974, the date of the award of the temporary alimony, but beyond that to the date of the commencement of the action on November 20, 1973. Accordingly, I dissent and vote to further modify the judgment to the extent herein indicated.