■ ELLEN BAUM, Respondent, v STEPHAN BAUM, Appellant.—In an action for divorce, the defendant husband appeals, as limited by his notice of

appeal and his brief, from so much of a judgment of the Supreme Court, Nassau County dated April 9, 1979, as (1) directed him to pay the total amount of $350 a week towards the support of his wife and the parties' two children, (2) directed that such support payments should be made retroactive to the date of the commencement of the action, (3) directed him to transfer title to an automobile to his wife and awarded her title to the furnishings of the marital dwelling, and (4) directed him to pay a counsel fee of $3,500. Judgment modified, on the law and the facts, by (1) reducing the amount awarded as child support from $120 a week per child to $75 a week per child, (2) deleting therefrom the provision that alimony and child support payments are to begin when the action was commenced and substituting therefor a provision that such payments shall commence as of the date of the judgment, April 9, 1979, and (3) deleting the eighth and ninth decretal paragraphs thereof, the former of which awarded the plaintiff exclusive title to the marital furniture and the latter of which directed the defendant to transfer to the plaintiff title to a certain automobile. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. Defendant is to receive credit for payments made in accordance with the provisions of the judgment appealed from. The facts and circumstances of this case dictate that the award of child support granted by the trial court was excessive to the extent indicated herein. Additionally, we find no support for the divergence from the norm by the trial court in making the support awards retroactive to the date of the commencement of this action. The matter was concluded quickly, and defendant was not the cause of any delay (cf. *Kalimian v Kalimian,* 58 AD2d 884). We note, too, and it has been inferentially conceded by plaintiff, in her brief, that the trial court was without authority to make the two awards of property to her that it did (see Domestic Relations Law, § 234; *Scott v Scott,* 55 AD2d 674; *Dolphus v Dolphus,* 39 AD2d 829). O'Connor, J. P., Rabin, Gulotta and Margett, JJ., concur.