OPINION OF THE COURT
Guy P. De Phillips, J.
An issue of the constitutionality of section 449 of the Family Court Act, is raised on the instant motion by petitioner to disaffirm the hearing examiner’s report with respect to the amount and effective date of support.[2] This support proceeding under articles 4 and 5-A of the Family Court Act was commenced by the Commissioner of Social Services as assignee of Roseann R., the wife of respondent William R. Petitioner alleges that respondent is chargeable with the support of his wife and their child, Roseann, born September 6, 1977 and has refused to provide such *875 support since on or about August 1, 1982. The summons and petition dated January 18, 1983, contain notice to the respondent that the order of support sought in this proceeding shall be retroactive to the date of the filing of the petition in accordance with section 449 of the Family Court Act. Although petitioner filed the petition on January 21, 1983, he did not seek issuance of process thereon from the Family Court until March 3, 1983, some six weeks later. This process was returnable in court for the first time on April 22, 1983, an additional seven weeks later. On the return date, the respondent and assignor appeared in court for the first time. The proceeding was referred to a hearing examiner pursuant to section 439 of the Family Court Act to hear and report with respect to the factual issues relating to support (Family Ct Act, § 439, subd [b]).
A hearing was held the same day, April 22,1983, before the hearing examiner (Hon. Isidore Levine). At the conclusion of the hearing, the hearing examiner in his report recommended that respondent pay $50 per week for the support of his wife and child through the court to the Department of Social Services, effective April 22,1983, the date of the hearing and the first return date of process. He denied petitioner’s motion to have the support order made retroactive to the date the petition was filed, January 21, 1983, as required by section 449 of the Family Court Act. Petitioner filed objections to the hearing examiner’s report wherein it is asserted that the hearing examiner improperly concluded that section 449 of the Family Court Act is unconstitutional and that the more appropriate amount of weekly support is $70, not $50. The court took petitioner’s objections under advisement and directed that respondent be notified. By filing objections, petitioner moves to disaffirm the hearing examiner’s report. As that report and petitioner’s motion advance the question of constitutionality of section 449 of the Family Court Act, the Attorney-General of the State of New York was notified pursuant to CPLR 1012 (subd [b]) to afford him an opportunity to intervene in support of the statute’s constitutionality. He has declined to do so.
The court has reviewed the tape made of the proceedings before the hearing examiner and concludes that the *876 amount of support ordered, $50 per week, is proper. At the hearing it was found that the assignor and respondent were legally married and had one child. Both assignor and child receive public assistance. Respondent is employed and earns net weekly income of $220 to $224. In computing the amount of support, the hearing examiner thoroughly examined the respondent’s weekly expenses and found that respondent had the ability to pay $50 per week. Petitioner moved at the end of the hearing for an order of support of $50 per week. Accordingly, no issue was preserved by petition as to the weekly amount of support directed.
Regarding the effective date of the support order, petitioner urged that section 449 of the Family Court Act mandated that the order be made retroactive to the filing date of the petition, January 21, 1983, or, in the alternative, to the date process issued, to wit, March 3, 1983. The hearing examiner declared that retroactive support would not be directed because the summons and petition were returnable for the first time in court the day of the hearing, April 22, 1983. He stated that he disagreed with the statute (§ 449) and found it to be “wrong”.
Section 449 of the Family Court Act entitled “Effective date of order of support” provides: “Any order of support made under * * * [article 4 — support proceedings] shall be effective as the date of the filing of the petition therefor, and any retroactive amount of support due shall be paid in one sum or periodic sums, as the courts shall direct, to the petitioner, to the custodial parent or to third persons. Any amount of temporary support which has been paid shall be taken into account in calculating any amount of retroactive support due.” (Emphasis supplied.) The court is mindful that a “statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such conclusion is inescapable”, that “[o]rdinarily a court will not pass on a constitutional question if there is any other way of disposing of the case” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd a) and that “[e]very presumption will be indulged in to support and sustain legislation” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd b).
*877 Prior to the enactment of section 449 of the Family Court Act, which became effective on the 90th day after July 21, 1981 (L 1981, ch 695), support orders were generally prospective. However, it was always recognized that the courts had the discretion under appropriate circumstances to make support retroactive to the date of the commencement of the action (see Kalimian v Kalimian, 58 AD2d 884; Malman v Malman, 46 AD2d 803; Oppenheimer v Oppenheimer, 11 AD2d 1006, affd 11 NY2d 838). The often cited authority for the exercise of this discretion is McCarthy v McCarthy (143 NY 235, 240-241) and Burr v Burr (10 Paige Ch 20, affd 7 Hill 207). Study of these cases and their progeny disclose that support was awarded to the date the action was begun in the exercise of discretion due to “special circumstances” which consisted of some culpable conduct on the defendant’s part such as dilatory or obstructive tactics (Kalimian v Kalimian, supra; Forrest v Forrest, 25 NY 501, 518) or deliberate avoidance of making any support payments during the pendency of the action (Malman v Malman, supra). While culpable conduct on a respondent’s part justified discretionary awards of retroactive support, culpable conduct on a petitioner’s part, as for example undue delay in the prosecution of the proceeding, warranted refusal to direct retroactive support (see Weltman v Weltman, 30 AD2d 658; Rosner v Rosner, 82 Misc 2d 603, 612-614). Culpable conduct of either party to the proceeding or action involving support was relevant to the issue of retroactive support.
. It is clear that the exercise of discretion to direct retroactive support was not itself justification for granting this relief. The “special circumstances” of the individual case presented the required justification.
As the support obligation arises at the time of marriage and the birth of a child, the Legislature may constitutionally mandate the general rule that an order of support be effective as of the date of the filing of the petition therefor. The legislative history of section 449 of the Family Court Act[3] discloses that the following case law precedent is *878 relied upon in justification of mandatory retroactive commencement of support: Metz, v Metz (40 AD2d 680), Golden v Golden (37 AD2d 578) and Bottner v Bottner (39 AD2d 680). Perusal of these cases prompts the conclusion that under the facts and circumstances of each casé it was a provident exercise of discretion to direct retroactive support. To cite the appropriate exercise of discretion by the courts in these particular cases as justification for legislative withdrawal of such discretion is a non sequitur. By its terms section 449 of the Family Court Act does not permit any discretion on the court’s part respecting the imposition of retroactive support.
The legislative memorandum in support of section 449 advances the following additional justification for mandatory imposition of retroactive support: “Under the present system of prospective support orders, the obligated spouse is rewarded for stalling the hearing and court determination of the amount to be paid.” However, as already noted, case law prior to promulgation of section 449, permitted the courts to fix retroactive support in such circumstances, i.e., where the respondent is guilty of culpable conduct warranting imposition of retroactive support. The “Fiscal Implications” section of the legislative memorandum in support of this statute also recites: “Retroactive support orders would save court time and public expense by penalizing intentional delay by the obligated spouse. In addition, the Department of Social Services could be reimbursed for support payments willfully withheld by a spouse who had the means to pay support. Thus, public assistance budgets could be reduced.” (Emphasis supplied.) This posits recognition that culpable conduct on a respondent’s part is the key to invoking fixation of retroactive support. Nevertheless section 449 is silent with respect to the factor of culpable conduct.
Despite observations in the legislative memorandum regarding culpable conduct, ability to pay and appropriate exercise of discretion, the statute embodies the philosophy of only one statement of that memorandum, to wit: “Since the support duty arises at the time of marriage and the birth of a child, the paying spouse is not prejudiced by a retroactive determination of the amount of this obligation.”
*879 The contention that section 449 of the Family Court Act possesses a constitutional infirmity obtains weight if the statute were applied in such manner as to work undue hardship on a particular respondent of sufficient dimension to invoke due process concern (cf. People v Broadie, 37 NY2d 100, 119; Furman v Georgia, 408 US 238, 460-461 [Powell, J., dissenting]). A married person respecting his or her spouse and a parent respecting his or her child under the age of 21 years is chargeable with support “and, if possessed of sufficient means or able to earn such means, may be required to pay'for * * * [such support] a fair and reasonable sum” (Family Ct Act, §§ 412, 413; emphasis supplied). If the court after a hearing finds that the married person respecting his or her spouse or the parent respecting his or her child under 21 years of age is chargeable with support “and is possessed of sufficient means or able to earn such means, the court shall make an order requiring * * * [the married person or parent] to pay weekly or at other fixed periods a fair and reasonable sum for or towards the support of the other spouse [or child].” (Family Ct Act, §§ 442, 443; emphasis supplied.) Section 415 of the Family Court Act similarly permits the issuance of a support order where the spouse or parent possesses “sufficient ability” to pay support. Obviously a party who refuses to honor the support obligation when possessed of sufficient means or able to earn such means exhibits culpable conduct. Regarding the factor of sufficient means or ability to earn such means, section 449 in effect assumes the existence of such factor and imposes in the court a residuum of discretion to direct payment of the amount of retroactive support in such periodic sums as the court shall direct. Therefore, assuming a proper finding that sufficient means or ability to earn such means existed for the period covered by the direction for retroactive support, the court under the particular circumstances of the case may direct payment of the full amount of retroactive support in one sum or mandate periodic sums, even in miniscule amounts where warranted, to. defray the amount of retroactive support in addition to the amount determined as the proper prospective amount of support. Simply stated section 449 removes from the court’s consideration in imposing retroactive support the existence of culpable conduct on the *880 petitioner’s or the respondent’s part. However, concern for due process in light of the requirements of sections 412, 413, 415, 442 and 443 of the Family Court Act necessitates a determination that respondent exhibited culpable conduct in failing to honor in any degree the support obligation during the period covered by the retroactive support direction while possessed of sufficient means or able to earn such means.
In a support proceeding where the person on whose behalf support payments are sought is the recipient of public assistance, the petitioner has the burden of proving that such person is the recipient of public assistance, that the respondent is charged under the statute with support of the recipient and that the respondent has sufficient financial ability to reimburse the Department of Social Services for payments made to the recipient (see Matter of Smith v Smith, 70 AD2d 938; Matter of Dumpson v Cembalist, 23 AD2d 647; see, also, Family Ct Act, § 415). It necessarily follows that petitioner herein bears the burden of demonstrating that respondent was possessed of sufficient financial ability to honor the support obligation during the period covered by the retroactive support request pursuant to section 449. In this latter respect petitioner is aided by the statutory presumption that respondent has sufficient means to support the spouse and children under the age of 21 years (Family Ct Act, § 437) which presumption is rebuttable by competent evidence.
Where there is no prior order of support outstanding, a respondent not having the opportunity to resort to self-help and not otherwise engaged in any culpable conduct must have the opportunity to demonstrate good cause for the canceling of any retroactive amount of support. Under these circumstances sections 449 and 458 must be read and applied in conjunction with one another. Retroactive support under section 449, if unpaid, constitutes arrears. From this fact and the preceding analysis, it may be inferred that discretionary power exists whereby the court in an appropriate case could properly declare that support be retroactive to a date other than the filing date of the petition or that support be prospective only. Form may not be exalted over substance, section 458 of the Family Court Act enti *881 tied “Cancellation of arrears” states: “The court, absent a showing of good cause, may not cancel any or all arrears of payments. The basis for cancellation of any or all arrears shall be set forth in writing in the court record or order of cancellation.” The good cause test of section 458 was in effect at the time new section 449 was enacted into law. No legislative change was wrought with respect to this test. Common sense dictates that the “good cause” test for excusing arrears may be incorporated into section 449 to avoid a patently unjust application of the latter.[4] To reiterate section 449 is all embracive and draws no distinction between culpable and nonculpable respondents respecting the imposition of retroactive support.
Historically, the basic culpable conduct demonstrated by a respondent spouse or parent in refusing to honor the support obligation where possessed of the means or ability to earn such means justified a court direction enforcing that obligation prospectively. Additional factors of culpability such as dilatory or obstructive tactics in delaying the court determination or directive enforcing the support obligation served to justify the court’s ordering retroactive support to the date the action was commenced, in the exercise of discretion. While section 449 does not delineáte or distinguish these differing degrees of culpability, its silence in this regard may not be utilized to excuse the necessity for demonstrating the afore-mentioned basic culpable conduct on respondent’s part during the period for which retroactive support is sought.
*882 The key to proper application of section 449 is the necessity for considering whether respondent exhibited culpable conduct in the period from when the petition was filed to the date of determination of the amount of support, i.e., the period for which retroactive support is claimed. This consideration entails scrutiny of respondent’s ability to meet his or her support obligation during such period. The unfolding dynamic of changing circumstances exhibited in a particular case dictates the application of section 449. The statute may not be utilized as a “strait jacket” to impose undue, unjust and unfair hardship on a litigant. For example, where no prior support order is outstanding a respondent of severely limited means may have been unemployed for most of, if not all of the period for which retroactive support is sought (having obtained employment just prior to the hearing on support), another respondent of severely limited means may have been employed during the retroactive period, and obtained a sizeable increase in salary just prior to the hearing on support while yet a third respondent, also of limited means, was employed at the same salary during the retroactive period and at the time of the hearing on support. Assuming the financial circumstances in terms of net income and expenses and other relevant factors of all three to be similar at the time of hearing, the order of support would be the same amount for each prospectively. Yet section 449 of the Family Court Act mandates retroactive support in the same amount for each despite the fact that the culpable conduct varied depending on the particular case. The “good cause” test of section 458 incorporated into section 449 restores the required elasticity to the legal process and avoids unconstitutional application of section 449. The court is mindful that its function is to interpret the law, not to legislate, and fully recognizes the policy import of section 449 as requiring retroactive support in recognition of the fact that support is a continuing obligation. Nevertheless “mindless” application of section 449 in each and every support proceeding would conflict with the policy imbuing numerous other sections of the Family Court Act (e.g., §§ 412, 413, 415, 442, 443). Simply stated, the court may not impose retroactive support for an amount certain which, at the effective date of the commencement of the *883 period covered by such retroactivity, it could not properly impose prospectively. The attention of the Legislature is called to this inconsistency.
It also appears that the “good cause” test while permitting support to be retroactive to a date other than the filing date of the petition or prospective only, would permit under appropriate circumstances the holding of retroactive support “in abeyance”. This latter directive is proper under circumstances where the court finds a basis for fixing retroactive support as directed by section 449, but concludes that directing payment forthwith in periodic sums, even in miniscule amounts, would work an undue hardship. This latter situation obtains where there is no prior outstanding support order, the court has fixed an amount of support which is clearly the maximum which the respondent can prospectively pay under the circumstances, respondent’s limited means and ability were fully taken into consideration in determining the prospective amount of support without regard to the retroactive mandate of section 449 and respondent has exhibited culpable conduct during the period for which retroactive support applies. The discretion as to when and in what amounts retroactive support shall be paid under section 449, appears to repose in the court the power to hold such support “in abeyance” when the circumstances so dictate, i.e., when such discretion may be appropriately exercised and not abused. Envisioning circumstances where miniscule periodic amounts of retroactive support are properly directed prompts the conclusion that such support may be held, when appropriate, in abeyance. Again, form may not be exalted over substance and the court must not be subjected to vain acts which exalt the letter of the law at the expense of its spirit. Consideration of the respondent’s ability to pay support under this hypothetical confronts the court with two alternatives: either to reduce the amount of prospective support so as to allow for payment toward retroactive support or to postpone the date of payment of retroactive support by holding such support in abeyance. Section 449 of the Family Court Act is silent as to when the payment(s) of retroactive support must be made.
As already noted, undue delay in the prosecution of the support proceeding, prior to enactment of section 449, *884 warranted refusal to direct retroactive support. Even though an overtone of prosecutorial delay is exhibited herein, section 449 removes consideration of such conduct as a relevant factor on the issue of retroactive support.
To reiterate: section 449 is constitutional in that it is based upon the continuing nature of the obligation of support and fixes, as a general proposition, the date of the filing of the support petition as the date from which petitioner seeks to impose court recognition and determination of that obligation in accord with the statutory requirements delineated in the Family Court Act. Support proceedings under article 4 in the Family Court are commenced by the filing of a petition (Family Ct Act, § 423) whereas “[generally a civil proceeding in New York State commences with service of a summons on the defendant [CPLR 304 (1963)].” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Supp Pamph, 1976-1982, Family Ct Act, § 423, p 127). A matrimonial action in the Supreme Court commences with service of the summons on the defendant thereby affording notice of the institution of the action. In the Family Court, the support proceeding commences with filing of the petition which does not afford notice to the respondent. Notice is subsequently effected when process is issued and served in the proceeding. No constitutional equal protection claim arises because the obligation to support is a continuing one which arises upon the marriage of the spouses or the birth of a child. The right to support is inchoate until aid of the court is sought (cf. Fuller v Galeota, 271 App Div 155; see Pickering v Pickering, 58 AD2d 1039). In light of the constitutionality of section 449, the hearing examiner in this proceeding improperly excluded consideration of retroactive support, albeit he apparently was motivated by concern for constitutional application of the statute. The presumption of sufficient means on respondent’s part to support his spouse and child (Family Ct Act, § 437) as it relates to the period encompassed by the retroactive support is rebuttable by competent evidence. Further, in imposing retroactive support under section 449, the court must determine whether to direct a lump-sum payment or periodic payments. The parties are entitled to advance *885 argument and competent evidence on these remaining issues.
The hearing examiner’s report is confirmed insofar as the amount of weekly support is concerned and the matter is set down for a hearing on the issues pertaining to retroactive support in accordance with the aforesaid in Part VI on July 20, 1983.

. Only one appellate determination has come to the court’s attention respecting section 449 of the Family Court Act (Matter of Kwit v Kwit, 91 AD2d 1175). In that case the Fourth Department issued a memorandum decision, which contains reference to the terms of section 449. No analysis of the statute in terms of its application or constitutionality was presented.

. Section 449 of the Family Court Act is the subject of Senate Bills Nos. 4568-A and 4572 and Assembly Bill No. 3869-B. Senate Bill No. 4568-A is identical to Assembly Bill No. 3869-B which was enacted as chapter 695 of the Laws of 1981. The legislative background of section 449 is contained in the supporting memoranda of these respective bills.

. Section 460 of the Family Court Act was amended by chapter 645 of the Laws of 1980 to reflect that the court “shall make an order directing the entry of judgment for the amount of * * * arrears, together with costs and disbursements unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears.” (Emphasis supplied.) Prior to this amendment, the statute directed that the court “may make” such order. Apparently as the result of concern with the previous wide discretion granted the Family Court in disposing of requests for arrears, the Legislature removed the cancellation of arrears where a party is in default with respect to a support order “from the discretion of the court, absent a showing of ‘good cause’ by the respondent for having failed to seek prospective relief.” (Matter of Huttenlocker v Damstetter, 111 Misc 2d 484,486.) It is clear that self-help or some form of culpable conduct on respondent’s part amounting to a lack of good cause for failure to seek relief from the court-ordered support impels the entry of judgment for the arrears arising by virtue of said respondent’s default(s) in paying the support previously directed. The message of sections 458 and 460 is that a respondent confronted by the continuing obligation of court-ordered support may not simply refuse to pay that support in whole or in part for any reason but must seek prior court sanction for such conduct, or, failing to seek such approval, must advance good cause for that failure.