OPINION OF THE COURT
Anthony F. Bonadio, J.
The Monroe County Child Support Enforcement Unit (hereinafter petitioner or SCU) has filed written objections to the order of the Hearing Examiner, which (a) establishes "arrears” of $3,078.67 as of July 1, 1986 (without credit for any 1985 State tax offset petitioner might obtain) and (b) continues a wage deduction order of $5 per week on "arrears”. Petitioner urges that "arrears” total $3,654.45, and it requests an *149 order allowing "collection thereof by any and all methods provided by law”.[1]
The court has reviewed the hearing, mechanically recorded on tape, the pleadings and objections. The objections are denied and the order modified by (a) deleting the reference to "arrears” in ordering paragraphs 1 (b) and 2, and substituting therefor "unpaid pregnancy, confinement and recovery expenses” (Family Ct Act § 545 [b], [c]) and (b) prohibiting petitioner from intercepting any future tax refunds due respondent or otherwise enforcing the order until the respondent "fails to obey” a support order, "defaults”, or the amount of any "past-due” support arrears is determined by court order, as the case may be (see, e.g., Family Ct Act §§ 451, 453, 454, 460, 548; CPLR 5241 [a] [1], [7]; Tax Law § 171-c [2], [8] [a]).
In our opinion, there are no "arrears”, as that term is commonly understood and as it is used as a term-of-art in the Family Court Act, Domestic Relations Law and related statutes.[2] What is involved is retroactive support (Family Ct Act § 440 [1]; §§ 449, 545) and expenses incurred by petitioner in connection with the mother’s pregnancy, confinement and recovery (Family Ct Act § 545 [b], [c]).[3]
Black’s Law Dictionary 100 (5th ed 1979) defines arrears as "Money which is overdue and unpaid” (emphasis added): "That this is always the fixed and technical meaning of 'arrears’ is too plain for argument. The oldest lexicographer of law terms known to me defines the word as coming 'from the French arriere, retro; behind; money unpaid at the due time, as rent behind.’ Cowell, Law Diet. h.t. To the same effect are all the dictionaries. Jac. Diet.; Bouv. Law Diet.; Abb. Law Diet.; Soule, Syn.; Roget’s Thes.; Webster’s Diet.; Worcester’s Diet. The same meaning is developed if we examine the legal signification of the words 'due’ or 'dues,’ and 'accrue,’ and the like, in their relation to this idea of being 'in arrears.’ The word 'due,’ unlike 'arrears,’ has more than one signification, and expresses two distinct ideas * * * 'At times it signifies a simple indebtedness, without reference to the time of payment. Debitum in presentí, solvendum in futuro. At other times it shows that the day of payment has passed.’ Scudder v. *150 Coryell, 5 N.J. Law, 340, 345 * * * But there is no such ambiguity about the word 'arrears,’ as has been shown by its definition. The cases of Moss v. Gallimore, 1 Doug. 279, and Birch v. Wright, 1 Term R.378, and many others in the law concerning real property, illustrate this meaning, when used to express that 'rent is in arrears,’ etc. Always, it must be past due to be 'in arrears.’ ” (Wiggin v Knights of Pythias, 31 F 122, 125 [WD Tenn 1887]; see also, Uniform Reciprocal Enforcement of Support Act § 2 [b] 9 ULA 656 [1968] ["duty of support” includes "duty to pay arrearages of support past due and unpaid”; emphasis added]; Gage v Dettling, 82 Misc 370; Gambino v Gambino, 396 So 2d 434 [La App 1981] [distinguishing arrears from retroactive support]; Hethcox v Hethcox, 146 Ga App 430, 246 SE2d 444 [1978] [distinguishing arrears from reimbursement for expenses incurred]; Monson v Life Ins. Co., 558 F Supp 1354 [US Dist Ct, Nev 1983].)
On November 13, 1984, an order of filiation and support was entered which (a) set current support at $35 per week (for two children); (b) established retroactive support at $360; (c) directed the respondent to reimburse petitioner $3,779.45 in medical expenses; and (d) ordered the respondent to pay $5 per week towards retroactive support, and, when that amount was paid in full, towards the medical expenses.
On January 9, 1986, the respondent filed a petition to modify the November 1984 order since the children were by then residing with him and no longer receiving public assistance. Petitioner stipulated to a zero order of current support, and cross-petitioned to modify the November 1984 order, requesting various forms of relief. Petitioner did not file a violation petition, and while it disputes the amount owed by respondent, no claim is made in the cross petition that respondent failed to pay as required by the November 1984 order. The Hearing Examiner apparently found that the respondent had paid as required, and reduced the amount of "arrears” accordingly. Since respondent was current in his payments there can be no arrears. Retroactive support (Family Ct Act § 440 [1]; §§ 449, 545) and medical expenses (§ 545 [b], [c]) constitute arrears only if not paid when due (Matter of Roseann R. v William R., 119 Misc 2d 874, 880; Gambino v Gambino, supra; Hethcox v Hethcox, supra).[4] Since the peti *151 tioner apparently considers such sums arrears when established, we enjoin it from intercepting respondent’s tax refunds or otherwise enforcing the order to the extent indicated above.

. Since the order already provides for such relief, it is not clear why petitioner requests it in its objection (but cf. Tax Law § 171-c [8] [a] [iii]). In any event, the request is denied and the order modified for the reasons discussed in the text.

. See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 232-234.

. Hereinafter medical expenses.

. In his excellent Practice Commentaries to the Family Court Act, Besharov writes that "When the court makes an order retroactive to the time the petition was filed, all moneys due * * * become arrears due”, and *151 that section 449 creates "instant arrears.” (McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 449, pp 332-333, 1986 Pocket Part, p 46.) We disagree. His reliance on Matter of Roseann R. v William R. (119 Misc 2d 874) is misplaced, since the court there concluded — as we do — that "[retroactive support under section 449, if unpaid, constitutes arrears.” (119 Mise 2d, at p 880; emphasis added.) We add these observations:
(1) a comparison of sections 449 and 545 (which make support orders retroactive to the date of filing and contain no reference to "arrears”) with Family Court Act § 459 (which is entitled "Additional arrears”, requires a failure to pay on a prior order and which brings arrears forward as they continue to accrue) suggests that the mere establishment of retroactive support does not create "arrears”.
(2) retroactive support is payable, when established, in one sum or in periodic sums, as the court directs. A judgment is not obtainable absent a failure to pay (Family Ct Act § 440 [1]; §§ 449, 454 [3]; § 460).
(3) the term "arrears” appears only in parts 5 "(Compliance with orders”) and 7 ("Undertaking”) of Family Court Act article 4. In this regard, we note that section 449 appears in part 4, section 459 in part 5.
(4) if establishing retroactive support creates "instant arrears”, it also essentially creates an "instant default”, suggesting that a "creditor” could enforce the order in a variety of ways, notwithstanding the fact that a "debtor” has never missed a payment due under the order of support (see and compare, Family Ct Act §§ 451, 453, 454, 460; CPLR 5241 [a] [1], [7]; Tax Law § 171-c [2], [8] [a]).