In the Marriage of Cynthia Marie **GREEN**, petitioner, Appellant,

v.

Roger Wendell **GREEN**, Jr., Respondent.

No. C0–86–1209.

Court of Appeals of Minnesota.

March 17, 1987.

Catherine Brown Furness, Owatonna, for petitioner, appellant.

Dean K. Rietz, Owatonna, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant disputes the sufficiency of evidence and findings to justify relieving respondent, who has monthly income of $672, from paying any child support. We reverse and remand.

## FACTS

This appeal is from an April 1986 dissolution judgment. Custody of two children of the parties, now ages 5 and 4, was placed with appellant, but respondent was relieved from paying any child support.

Respondent receives $672 per month Social Security disability benefits. He has no earning ability or other income. In a memorandum attached to an order denying post-trial relief, the trial court described respondent's income as "below a subsistence level." The court found that respondent "claimed" $669.25 monthly expenses, but made no findings on the amount of his reasonable or necessary needs.

When the dissolution proceedings began, appellant was working full-time and had net monthly earnings of $473. The record

1. The record indicates respondent has a third child, but it is not evident he pays support for that child. Any such payments would reduce

does not indicate how long she had this job. Appellant left her job after the proceedings began. Based on respondent's disability, the children receive monthly Social Security payments totaling $278.

The trial court found that appellant "claimed" monthly personal and child care expenses of $953.48. The court did not determine the reasonable or necessary needs of appellant and the children.

The trial court observed by memorandum that appellant was "capable" of full-time employment. At the time of post-trial motion proceedings, appellant had net monthly earnings of $190 from part-time work. Appellant's claim of expenses includes no costs for substitute child care, and the court made no finding as to child care costs that would result from full-time employment. While the court observed appellant's capacity for full-time work, there are no findings on whether child care duties reasonably limit appellant's availability for work.

Appellant contends respondent should be required to pay $147.84 per month child support according to the statutory guidelines.[1] Based on stipulations of the parties, respondent was required to pay $104 per month support under a temporary relief order issued in November 1985 and a 1983 legal separation proceeding; at these times respondent's sole income was also in the form of Social Security disability payments.

## ISSUE

Is the trial court's child support determination adequately supported by the evidence and the court's findings?

## ANALYSIS

Trial courts have broad discretion to determine child support obligation. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn. 1983).

the amount of respondent's income used to calculate support under the guidelines. Minn.Stat. § 518.551, subd. 5(a) (1986).

■ Statutory child support guidelines are a starting point for determining support in a nonpublic assistance case. *Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn. 1986). *See* Minn.Stat. § 518.551, subd. 5(b) (1986). Whether deviating or following the guidelines in nonpublic assistance cases, the court must consider the needs and resources of each parent and the children and must make specific findings on these factors. *Moylan*, 384 N.W.2d at 863–5. *See* Minn.Stat. § 518.551, subd. 5(b) and (e) (1986).

■ Here the trial court found and considered the income of respondent and the resources of his children. All of these benefits were in the form of Social Security disability payments.[2] However, the court failed to find the needs of the children and their mother, in total or separately. The reasonable or necessary needs of the obligor were also not determined. The court did not find the amount of net earnings, taking child care expenses into account, that appellant could reasonably obtain. Without these findings there is no established basis to relieve respondent from paying support, either due to limited ability to pay, the absence of need, or the availability of other resources to meet the need.

## DECISION

We reverse and remand for trial court findings and a determination of support in harmony with Minn.Stat. § 518.551, subd. 5, and *Moylan*.

Reversed and remanded.

---

2. Benefits paid to the children do not constitute support payments, but the receipts are a consideration in measuring the need for support. *Gerlich v. Gerlich*, 379 N.W.2d 689, 691 (Minn.Ct. App.1986), *pet. for rev. denied*, (Minn. March 21, 1986); *In re Marriage of Haynes*, 343 N.W.2d 679, 682–83 (Minn.Ct.App.1984). Benefits paid to respondent are income to be considered in measuring his ability to pay. *Moritz v. Moritz*, 368 N.W.2d 337, 341 (Minn.Ct.App.1985); Minn. Stat. § 518.54, subd. 6 (1986).