In re the Marriage of Linda M. BATES, Petitioner, Respondent,

v.

Vernon D. BATES, Appellant.

No. C4–86–1519.

Court of Appeals of Minnesota.

April 21, 1987.

Jerome P. Agnew, Duluth, for respondent.

Lawrence B. Stauber, Jr., Duluth, for appellant.

Considered and decided by LESLIE, P.J., and SEDGWICK, and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Vernon Bates, in his appeal from the judgment dissolving his marriage to respondent, Linda Bates, argues that the trial court erred in determining his net monthly income for purposes of child support. Respondent has filed a notice of review and challenges the characterization of certain property as nonmarital seeking a portion of insurance proceeds received for the property after the dissolution judgment was entered. Respondent further requests attorney's fees on appeal. We affirm.

## FACTS

For purposes of child support, the trial court found appellant's net monthly income to be $1,665.73 plus a $390 monthly car allowance he received from his employer. The trial court also found that appellant was reimbursed for all business expenses. In his deposition, appellant stated that his use of this car allowance was unrestricted. Appellant indicated that in addition to the car allowance, his employer supplied a gas credit card and paid for the charges he made to that account. Further, the expenses appellant incurred when traveling out of town were reimbursed. At a hearing before the trial court, appellant testified that he used his car allowance for the $239 monthly payment due on a vehicle he personally owned. Also he spent approximately $75 a month for maintenance, $50 a month for insurance plus other expenses.

The record also contains testimony about rental property appellant had purchased before his marriage to respondent. Appellant testified that the mortgage on the property was still in his and his first wife's name. He said that water pipes had frozen and burst during the winter causing extensive damage and as a result the city had condemned the property. At the hearing, he stated that he had not checked what insurance proceeds could be collected for the water damage. Respondent testified that she was totally involved in the management of the rental property including finding tenants, paying the bills and arranging for repairs. She also conceded, however, that the same tenants had occupied the house for the last four to five years and that during that time only two repair calls were necessary.

## ISSUES

1. Did the trial court err when it included appellant's car allowance as part of his net monthly income but did not permit deductions for business expenses?

2. Did the trial court err in determining certain property appellant purchased before the marriage was nonmarital, and is respondent entitled to insurance proceeds from damage to that property?

3. Is respondent entitled to attorney's fees on appeal?

## ANALYSIS

■ Neither party in this case made a motion for amended findings. As we have repeatedly noted, such a procedure is not mandatory to secure review of issues on appeal but is strongly recommended. The issues presented in this case could possibly have been resolved or at least adequately developed for appellate review through post-trial motions. Unfortunately, the parties did not avail themselves of what may have been a less expensive and more expedient remedy.

### I.

The trial court included appellant's entire car allowance in his net income, and specifically found that appellant was reimbursed for all business expenses. Appellant does not challenge the characterization of the car allowance as income. Rather, appellant contends that "at least a significant portion" of the car allowance must be used to pay legitimate business expenses and that he should be allowed to deduct these expenses from his net income.

■ This court will not set aside a trial court's findings unless they are clearly erroneous. Minn.R.Civ.P. 52.01. In the limited record before this court, appellant has presented no evidence of specific business expenses for which he is not reimbursed by

his employer and has not explained what deductions he believes would be appropriate. Therefore, we must conclude that the trial court properly included appellant's car allowance in his net income.

■ We recognize that under certain circumstances, such as those in *Martin v. Martin*, 364 N.W.2d 475 (Minn.Ct.App. 1985), a trial court may consider the expenses an obligor incurs to generate income. In the present case, however, appellant has presented no facts to justify such a consideration in calculating his net income.

## II.

Respondent argues that in the interests of judicial economy this court should divide the proceeds from an insurance claim on property the trial court found to be appellant's nonmarital property. The claim was filed and recovered after entry of the dissolution judgment, and the trial court has not had an opportunity to address this issue. Respondent further argues that if this court finds the nonmarital nature of the property controls the distribution of the insurance proceeds, then the trial court erred in determining that the property was nonmarital.

■ Respondent apparently claims that her management of the rental property during the marriage was sufficient to convert the nature of the property from nonmarital to marital. The trial court specifically noted respondent's limited involvement in the management of the property.

> There is insufficient evidence that either party did anything of any substance that would be a basis of finding transmutation of the property from non-marital to marital. The property was self supporting so no monies of the marriage went into it. The [respondent] did participate in the management by collecting rents, etc. and no doubt enjoyed any gains received from the property. She certainly did not share in the problems with the property which were wholly assumed by the [appellant].

While this court need not defer to a trial court's legal conclusion about the marital or nonmarital nature of property, we must affirm the findings of fact supporting that conclusion unless they are clearly erroneous. *See Campion v. Campion*, 385 N.W.2d 1, 4 (Minn.Ct.App.1986). The record on appeal contains sufficient evidence to support the trial court's findings, and based on these facts we conclude that the characterization of the property as nonmarital was correct.

■ The sparse record before this court presents no factual basis and respondent has presented no legal basis for finding the insurance proceeds from damage to this property are marital property. Without further information, we are unable to make any determination on what possible rights respondent may have to the proceeds.

## III.

Respondent has requested attorney's fees on appeal. Under the facts of this case, we find such an award is not warranted.

## DECISION

Property purchased by appellant before the parties' marriage was properly characterized as nonmarital. The trial court did not err in determining appellant's net income. Respondent's request for attorney's fees is denied.

Affirmed.