**COUNTY OF NICOLLET and Barbara Marie Miller, n/k/a Barbara Marie Lauderback, Respondents,**

v.

**Dana R. HAAKENSON, Appellant.**

**No. C8–92–1662.**

Court of Appeals of Minnesota.

March 16, 1993.

William M. Gustafson, Nicollet County Atty., Todd W. Westphal, Asst. County Atty., St. Peter, for respondents.

Lawrence Downing, Lawrence Downing & Associates, Rochester, for appellant.

Considered and decided by HUSPENI, P.J., and PETERSON and FOLEY,* JJ.

## OPINION

HUSPENI, Judge.

Appellant contends the Administrative Law Judge (ALJ) erred in denying his motions for change of venue and transfer of jurisdiction, in calculating his net income, in failing to consider all relevant statutory factors for a modification motion, and in withholding retroactive child support. We affirm in part and reverse in part.

## FACTS

Appellant Dana R. Haakenson and respondent Barbara Marie Lauderback are the parents of ten-year-old A.M. Appellant was adjudged to be the father of A.M. in a

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

June 1983 paternity action in Nicollet County District Court, at which time respondent was awarded custody, and appellant was ordered to pay child support of $75 per month.

In 1985, respondent moved with A.M. to a small town in Iowa, where respondent married. She and her husband have three children, resulting in a household of six persons. Respondent and her husband own and operate an auto repair business, where respondent works part time without direct compensation.

Appellant resides in Pine Island, Olmsted County, and married in March 1988. He and his wife have been separated since November 1990. Appellant has a child from the marriage, C.H., who is in the temporary physical custody of appellant following a 1990 Olmsted County dissolution action.

When respondent brought a motion for an upward modification of child support, appellant moved for change of venue from Nicollet to Olmsted County, and for a transfer of jurisdiction from the ALJ to the district court. The ALJ denied both of appellant's motions.

The ALJ found respondent's 1991 family income tax return showed total income of $18,655, with no taxable income. The ALJ found respondent's average monthly living expenses for her family of six totaled $1,309.67. The ALJ calculated A.M.'s average monthly living expenses by taking one-sixth of this total, and adding A.M.'s additional school expense of $25 per month, for a total of $243.28 in reasonable needs per month. Neither A.M. nor the family has any medical insurance.

The ALJ found appellant's 1991 gross income from his employment as a senior vice president at Haakenson's, Inc. was $39,690.44, with average net monthly income of $2,441.83, plus an additional $236.33 per month noncash benefit representing the value of the use of a pickup truck provided free by his employer. The ALJ determined appellant and his son C.H. had reasonable and necessary monthly expenses of $1,766, which sum did not include recognition of any truck expenses, but did include $326 per month child care expenses.

On July 28, 1992, the ALJ issued an order which provided in relevant part:

1. That [respondent's] motion for an upward modification of [appellant's] child support obligation is hereby granted, retroactive to January 7, 1992, the date upon which [appellant] was served with [respondent's] motions.

2. That [appellant] shall pay the sum of $670.00 per month as and for ongoing child support * * * commencing with the month of August 1992, * * *.

3. The reimbursement of arrears due to the retroactive application of this child support order for the period of time from January 7, 1992 to July 31, 1992, is established in the amount of $4,010.90, and shall be paid by [appellant] to [respondent] at the rate of $80.00 per month commencing August 1, 1992 until paid in full.

4. Judgment is granted in favor of [respondent] for $4,010.90 against [appellant] for the reimbursement of child support arrears created by said retroactive modification of [respondent's] child support obligation for the period of time from January 7, 1992 through July 31, 1992. Judgment shall be entered.

* * * * * *

5. All payments ordered herein shall be immediately withheld by [appellant's] present and future employer or payor of funds.

## ISSUES

1. Did the ALJ abuse discretion by denying appellant's motion for a change of venue?

2. Did the ALJ err by denying appellant's motion for a transfer of jurisdiction from the ALJ to district court?

3. Did the ALJ err in calculating appellant's net income?

4. Did the ALJ err by not considering each factor under Minn.Stat. § 518.551, subd. 5(b)?

5. Did the ALJ err by ordering payment of the retroactive child support award by statutory withholding?

## ANALYSIS

### I.

■ Appellant first challenges the ALJ's denial of his motion for a change of venue. Denial of a motion for a change of venue is reviewed under an abuse of discretion standard. *Vanden Broucke v. Lyon County*, 301 Minn. 399, 404, 222 N.W.2d 792, 795 (1974). A change of venue may be made in a family law case "when the convenience of the parties or the ends of justice would be promoted by the change." Minn.Stat. § 518.09 (1990); *Krogstad v. Krogstad*, 388 N.W.2d 376, 385 (Minn.App.1986).

Appellant argues the ends of justice would be promoted by a change of venue from Nicollet to Olmsted County, because his dissolution and child custody case is pending in Olmsted County. His principal claim is that in order to treat him fairly, and for his obligations to both of his children to be fairly evaluated, both cases should be determined in one forum rather than in two separate courts in different counties. We do not find appellant's argument persuasive. The two cases involve different parties and different issues and would be heard separately even if both were venued in Olmsted County. Olmsted County is not more convenient for the parties. Appellant brought this motion shortly before the scheduled hearing in Nicollet County (despite ample opportunity to bring it months earlier). Nicollet County is a party and has a continuing interest in this case. There was no abuse of discretion in denial of appellant's motion for a change of venue.

### II.

■ Appellant next challenges the ALJ's denial of the motion to transfer jurisdiction of this matter from the ALJ to Nicollet County District Court. There is no merit to appellant's challenge. The ALJ heard this child support matter pursuant to Minn. Stat. § 518.551, subd. 10 (1990), under which Nicollet County is one of the counties designated to participate in the administrative process required under the statute. The statute mandates that all proceedings for modifying child support orders "in which the county human services agency is a party or represents a party to the action *must* be conducted by an" ALJ. *Id.* (emphasis added). The statute applies to this case because Nicollet County is a designated county under the statute, and the county human services agency is a party to the action (and also represents a party to the action). The ALJ was without authority to transfer jurisdiction to district court.

### III.

Appellant cites four factors in arguing that the ALJ erred in calculating appellant's net income.

■ First, appellant argues that the value of his personal use of his employer's truck should not have been included as income. "Whether a source of funds is income for purposes of determining a person's child support obligation is a question of law." *Sherburne County Social Servs. v. Riedle*, 481 N.W.2d 111, 112 (Minn.App. 1992). Net income for purposes of determining child support:

> does include in-kind payments received by the obligor in the course of employment, self-employment, or operation of a business if the payments reduce the obligor's living expenses.

Minn.Stat. § 518.551, subd. 5(a)(1) (Supp. 1991). A car allowance received from an employer may be included in net income. *E.g., Bates v. Bates*, 404 N.W.2d 817, 819 (Minn.App.1987). The pickup truck furnished by appellant's employer for his personal use reduces his living expenses, and therefore may be included in his net income for purposes of determining child support. There was no error.

■ Second, appellant argues that the ALJ erroneously valued the use of the truck as $236.33 per month income. We find no error. The ALJ assigned the truck a value of $12,500 (based on appellant's own estimate that the vehicle was worth $10,000 to $15,000), divided this figure by

the 60 months over which appellant will use the truck, and conservatively added $3 per month as a license fee and $25 per month for insurance. The trial court's finding has a reasonable basis in fact and will not be disturbed. *See Strauch v. Strauch,* 401 N.W.2d 444, 448 (Minn.App.1987).

■ Third, appellant claims the ALJ erred in concluding appellant's expense of $326 per month for child care for his son C.H. is a personal expense, rather than a business expense to be deducted from gross income. Legitimate business expenses must be considered by the trial court in determining an obligor's net income. *Preussner v. Timmer,* 414 N.W.2d 577, 579 (Minn.App.1987).

Appellant argues that he could not work outside the home if he had to care for his son, and, therefore, the child care expenses are business expenses. We disagree. Child care expenses are personal expenses, includable as such if reasonably incurred each month. In arriving at reasonable monthly expenses for appellant and the minor child of his marriage, the ALJ did consider expenses for child care together with all other expenses listed by appellant. Appellant's reliance on *Green v. Green,* 402 N.W.2d 248, 250 (Minn.App.1987), is misplaced. In *Green,* this court remanded for further findings because the trial court had relieved the obligor from making any child support payments, without considering the obligee's reasonable expenses, including those incurred for child care to enable her to work outside the home. *Id.*

■ Fourth, appellant argues the ALJ should have based appellant's net income on his year-to-date 1992 income, rather than on his 1991 income. Current net income must be determined for the purposes of setting child support. *Thomas v. Thomas,* 407 N.W.2d 124, 127 (Minn.App.1987). When this matter was heard on May 21, 1992, it appears the only evidence presented on appellant's 1992 income was appellant's own testimony. The ALJ apparently determined that the 1991 income tax return was more credible than appellant's testimony on his 1992 income. "This court must defer to the [factfinder's] assessment of credibility of witnesses and the weight to be given their testimony." *General v. General,* 409 N.W.2d 511, 513 (Minn.App. 1987). The ALJ did not err in using the 1991 income tax return as the basis for determining appellant's current net income.

IV.

■ Appellant argues that under *Moylan v. Moylan,* 384 N.W.2d 859, 863–64 (Minn.1986), each of the relevant factors under Minn.Stat. § 518.551, subd. 5(b) must be considered in determining a modification of child support. We disagree. Since *Moylan,* Minn.Stat. § 518.551, subd. 5 has been amended to include subd. 5(h). *See* 1991 Minn.Laws Ch. 292, art. 5, § 75. This subdivision provides that guidelines child support may be ordered based on written findings of the obligor's income and "any other significant evidentiary factors affecting the determination of child support." Minn. Stat. § 518.551, subd. 5(h) (Supp.1991). The ALJ ordered guidelines child support, and we conclude the ALJ did make written findings concerning all "other significant evidentiary factors," including respondent's family's standard of living, the needs of appellant's subsequent-born child, and appellant's debts. Therefore, the ALJ's findings are a sufficient predicate for appellant's support obligation, and the ALJ was not required to address all factors under subd. 5(b).

■ We find no merit in appellant's contentions that the ALJ found the needs of the child are for support in the amount of only $237 per month, and there is no statutory or case law authority to grant child support in excess of the child's needs. First, the ALJ determined the child's share of monthly living *expenses* was $237, not that the child had monthly *needs* of $237. Second, the guidelines child support amounts, which the ALJ applied, establish a rebuttable presumption of the needs of the child. Minn.Stat. § 518.551, subd. 5(h). Appellant has not presented sufficient evidence to rebut the presumption. Additionally, the child is entitled to enjoy the benefits of the income of both parents. *Der-*

*ence v. Derence*, 363 N.W.2d 86, 89 (Minn. App.1985).

## V.

■ Appellant argues that retroactive child support should not be withheld from his income, because he is financially unable to pay an additional $80 per month.[1] We agree. Appellant's net monthly cash income of $2,441.83 minus his reasonable expenses of $1,766 minus current child support of $670 leaves appellant with less than $6 surplus income each month. An additional $80 deduction would leave a deficit of over $74.

There is, however, an additional basis upon which this court is compelled to grant appellant the relief he seeks from the $80 per month withholding. While we find no error in the provisions of the ALJ's order which set the level of current child support and determined that such support be effective January 7, 1992, the date of service of respondent's motion for increase,[2] we are troubled by the further provisions in this same order which address retroactive child support and how it is to be paid. In these further provisions, the ALJ granted judgment for respondent against appellant for $4,010.90, denominated this amount as "arrears" and directed that these "arrears" be paid through automatic wage withholding at the rate of $80 per month beginning August 1, 1992, until paid in full.

We conclude that the ALJ erred in awarding judgment for, and establishing the obligation to pay, child support accruing between January 7, 1992, and August 1, 1992, in the same order and at the same moment in time that the obligation to pay support at an increased level was established. The $4,010.90 retroactive child support award was not an "arrearage." *See*

*In re Richardson ex rel. Lanier v. Junious*, 134 Misc.2d 148, 509 N.Y.S.2d 759, 760 (N.Y.Fam.Ct.1986) (distinguishing an arrearage from retroactive support). An arrearage is money *"overdue and unpaid." Id.* (emphasis in original); *see also* Minn. Stat. § 518C.02, subd. 3 (1990) (" 'Duty of support' * * * includes the duty to pay arrearages of support past due and unpaid"); Revised Unif.Reciprocal Enforcement of Support Act § 2(b), 9B U.L.A. 402 (1987). A debt must be "past due to be 'in arrears.' " *Richardson*, 509 N.Y.S.2d at 760 (quoting *Wiggin v. Knights of Pythias*, 31 F. 122, 125 (W.D.Tenn.1887)). Appellant could not have been in arrears on the $4,010.90, because he was never given an opportunity to pay it. *See Richardson*, 509 N.Y.S.2d at 761. Retroactive child support constitutes an arrearage only if it is not paid when due. *Id.* The $4,010.90 amount could not be withheld under either of the two statutory withholding mechanisms, Minn.Stat. §§ 518.611 (1990) or 518.613 (1990), because it was not an arrearage.[3]

## VI.

Finally, appellant asks this court to remove from the file three documents transmitted by the court administrator, to strike a statement in respondent's brief, and to award appellant attorney fees and costs incurred in bringing the motion. The basis for appellant's motion is that the challenged documents and statement were not part of the proceedings submitted to the ALJ. Respondent asks this court to deny all relief sought by appellant in his motion. It is clear that the ALJ did not consider the challenged documents or statement in making the decisions below, nor has this court considered them in determining the issues

---

1. Appellant also notes that if withholding is ordered pursuant to Minn.Stat. § 518.611, subd. 2(b) (1990) to collect an arrearage, the additional amount withheld must equal 20 percent of his $670 monthly support obligation, and the ALJ ordered withholding at only 12 percent. We need not address this observation.

2. Retroactive modification is permissible under Minn.Stat. § 518.64, subd. 2(c) (1990).

3. We do not have before us, nor do we decide, the issue of when Minn.Stat. §§ 518.611 (1990) or 518.613 (1990) will apply to permit automatic withholding. These two statutes, under varying circumstances, permit or require payment of child support or spousal maintenance by withholding of funds directly from income of the obligor, by the obligor's employer or other payor of funds. The ALJ in this case did not specify under which statute appellant's income was to be withheld.

on appeal. We need not, therefore, decide the question of whether this challenged material was properly included when the file was delivered to this court.

In view of all the circumstances of this case, we award no attorney fees to either party.

## DECISION

The award of judgment for $4,010.90 as retroactive child support arrears is vacated and the order to withhold $80 per month from appellant's income to apply toward those arrears is reversed. All other provisions of the order of the ALJ are affirmed.

Affirmed in part and reversed in part.