**In re the Marriage of Cardell James KELLEN, Petitioner, Respondent,**

v.

**Connie Diane KELLEN, Appellant.**

**No. C8–84–2183.**

Court of Appeals of Minnesota.

May 14, 1985.

John D. Jeffrey, East Grand Forks, for appellant.

David W. Peterson, Marshall, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Following dissolution of the parties' marriage, the custodial parent, Connie Kellen, requested permission to move the parties' children from East Grand Forks, Minnesota to Grand Forks, North Dakota where she intended to reside. Cardell Kellen (the non-custodial parent) responded with a request to reduce child support, due to the travel costs required for visitation. The trial court granted Connie's request to remove the children from the state, but ordered that she provide transportation of the children to Cardell's city of residence at least once every three months. We reverse.

## FACTS

Several months prior to the dissolution of the parties' marriage the appellant, Connie Kellen, moved from the parties' residence in Marshall, Minnesota to East Grand Forks, Minnesota. In October 1983 the parties' marriage was dissolved. Pursuant to a stipulation submitted by the parties, the trial court awarded custody of the three minor children to Connie, subject to visitation rights by Cardell every other weekend plus four weeks in the summer. The court also awarded Connie child support in the amount of $555 per month ($185 per child).

In July 1984, Connie filed a motion with the court requesting that she be allowed to move with the children to Grand Forks, North Dakota—a distance of approximately three or four miles from East Grand Forks, Minnesota. The basis for this motion was her desire to obtain housing provided by the University of North Dakota at Grand Forks, where she was a student.

Cardell opposed this motion and filed a counter-motion, requesting a change of custody or, in the alternative, a reduction in child support, due to the travel costs necessarily incurred by him in exercising his visitation rights.

After a hearing on these motions, the trial court in September 1984 issued an order which granted Connie's motion to move her children out of state, but which also amended the order for dissolution, requiring Connie to provide transportation for the children to and from Marshall, Minnesota once every three months so that Cardell could exercise weekend visitation.

Connie moved the court for amendment of its order, requesting that she not be subjected to this additional requirement. The court denied her motion, explaining in a memorandum attached to its order dated October 31, 1984:

Respondent cites the fact that requiring her to provide transportation for the minor children to Marshall, Minnesota, poses a financial hardship to her. The Court believes that this hardship is substantially outweighed by the interest of the children in having meaningful visitation with their father. The Court notes that if transportation is not provided by the respondent, that the father has a choice of attempting to exercise visitation out of a hotel room in East (sic) Grand Forks, North Dakota, or to make round trips to East (sic) Grand Forks to bring the children to Marshall for visitation at this residence and then return them to East (sic) Grand Forks, North Dakota.

Connie has appealed both from the September order and from the order of October 31, 1984. Her main contention is that, by requiring her to assume the costs of transporting the children to Cardell's home every three months, the court in effect reduced the amount of child support available to her, without basing its decision upon evidence of a change in circumstances.

## ISSUE

Did the court, by redistributing the costs of visitation between the parties, actually modify the terms of child support, thereby requiring evidence of changed circumstances pursuant to Minn.Stat. § 518.64 subd. 2 (1984)?

## ANALYSIS

Analysis of the parties' arguments must begin with a review of two statutes which govern modification of terms within a decree of dissolution. The statute governing modification of child support states, in relevant part:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party * * any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children * * *

Minn.Stat. § 518.64 subd. 2 (1984). On the other hand, modification of an order granting or denying visitation rights is allowed "whenever modification would serve the best interests of the child". Minn.Stat. § 518.175 subd. 5 (1984). These are clearly two different standards.

■ As noted above, the thrust of Connie's argument is that where a non-custodial parent has previously borne the costs of visitation, any shift of those costs to the custodial parent essentially modifies the terms of child support, since the custodial parent will have less support money to spend on the children. It is therefore Connie's position that modification of the obligation for the costs of visitation requires evidence of changed circumstances pursuant to Minn.Stat. § 518.64 subd. 2.

Language in *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983) supports Connie's claim that costs of visitation are directly linked to terms of child support:

When removal [of a child out of state] is permitted, the court shall make such modifications of visitation as are reasonable and necessary to maintain a good relationship between the noncustodial parent and child, and may make appropriate *adjustments in child support to spread the cost of visitation* in an equitable manner, provided that such adjustments are not against the best interests of the child.

*Id.* at 400 (emphasis supplied) [1]. This statement not only implies that visitation costs are tied to child support terms; it also addresses the issue of a modification of the terms of child support when a court allows a custodial parent to move his or her children out of the state. It is important here

---

1. Connie's attorney characterizes this language as "dicta"; however, we believe the *Auge* court was stating this as a rule of law.

to realize that the *Auge* ruling does not mention the child support modification statute or refer to its standards—i.e., changes in circumstances which make the terms of the original decree unreasonable and unfair—but merely refers to a best interests of the child standard where removal is permitted. There are several ways in which *Auge's* reference only to the best interests standard might be reconciled with the provisions in the modification statute.

First, *Auge* could be interpreted as stating that situations where a child is removed from the state may be distinguished from other support modification cases, and should therefore be analyzed only in terms of the best interests of the child, according to the statute governing modification of visitation rights. Second, the *Auge* court may have intended that removal of the children from the state will *per se* constitute a change in circumstances making the terms of the original decree unreasonable and unfair, thus requiring a court only to look at the best interests of the child. However, we believe that a third, and more realistic, interpretation of the *Auge* decision is that the court always intended that the terms of the support modification statute be observed *in addition* to the best interests standard. We indirectly adopted this interpretation of *Auge* in *Gordon v. Gordon*, 356 N.W.2d 436 (Minn.Ct.App. 1984), where we stated:

> Appellant also claims that the trial court erred in not modifying child support in order to defray the increased visitation expenses due to the children's move to Illinois. In *Auge v. Auge*, 334 N.W.2d 393, 400 (Minn.1983), the court stated that child support may be modified to equitably spread visitation expenses, provided the best interests of the children are considered. The trial court found no evidence that the support terms were *unreasonable or unfair*, and correctly noted the disparity in the parties' incomes. Keeping in mind the best interests of the children, we cannot agree the trial court abused its discretion.

*Id.* at 437–438 (emphasis supplied).

■ Thus, we believe that before the trial court could modify the terms relating to visitation costs (i.e. support) it should have first applied the standards of Minn. Stat. § 518.64 subd. 2 and found a change in circumstances which made the original terms of the decree unreasonable and unfair. Because the court made no such finding and because the record clearly would not support such finding, we reverse the portion of the trial court's order requiring Connie to transport the children to Cardell's city of residence.

## DECISION

The portion of the trial court's order concerning transportation of the parties' children is reversed.