**In re the Marriage of Duane Robert MARGESON, Petitioner, Appellant,**

v.

**Cheryl Marie MARGESON, Respondent.**

**No. CX–85–753.**

Court of Appeals of Minnesota.

Nov. 5, 1985.
Review Denied Dec. 30, 1985.

Ann Megathlin Gifford, Minneapolis, for appellant.

John W. Wood, Jr., Osseo, for respondent.

Heard, considered and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ.

**OPINION**

LANSING, Judge.

Duane Margeson appeals from a dissolution judgment and decree in which the trial court held that Cheryl (Margeson) Vogel had breached no fiduciary duty to him in the management of their partnership business; he also appeals the trial court's child support determination and property division of the parties. Cheryl Vogel contends the trial court erred in failing to trace her non-marital contributions to the business. We affirm.

**FACTS**

Duane Margeson and Cheryl Vogel were married in 1970. Together they had one child, and Vogel had one child from a previous marriage. Margeson is employed as a television cameraman and Vogel had experience in the jewelry business. The parties separated in August 1981. In August 1982 they purchased a commercial building, and from the beginning of November 1982 until the end of March 1984 they operated a jewelry store, Osseo Jewelry and Repair, out of the building. Vogel was managing partner of the business. In November 1983 this dissolution proceeding was commenced.

The original judgment and decree awarded custody of the child to Vogel, set child support at $468 per month, divided the proceeds from the homestead equally, divided the remaining inventory of Osseo Jewelry and Repair "as appropriately and practically as possible," allowed each party to keep whatever personal property was in his or her possession, divided the debts equally, and ordered the commercial property to be sold and the proceeds divided equally.

Both parties moved for amended findings or, in the alternative, for a new trial. The trial court denied the motions for a new trial but filed an amended judgment, which held Margeson solely responsible for losses arising from the operation or management of the commercial building pending its sale.

Margeson appeals from the amended judgment, arguing that the court erred in dividing the marital property, in setting child support, and that, as part of the property division, the court had erred in failing to hold Vogel to her fiduciary duty as managing partner of the business.

Vogel filed a notice of review. She contends that the trial court's failure to make specific findings of fact concerning her non-marital contributions to the improvement of the commercial building constitutes an abuse of discretion.

## ISSUES

1. Did the trial court err in finding that Vogel breached no fiduciary duty in the management of Osseo Jewelry and Repair?

2. Did the trial court err in failing to assess income tax liability to Vogel for unreported profits?

3. Did the trial court err in failing to find that Vogel made non-marital contributions to the operation of the business and improvement of the commercial building?

4. Did the trial court err in dividing personal property?

5. Did the trial court err in setting child support?

## DISCUSSION

### I

■ Margeson argues that Vogel must account for missing inventory, unaccounted-for profits attributable to missing inventory, and other unreported profits of the jewelry business. As a basic principle of partnership law, a partner is accountable as a fiduciary and must account to the partnership "for any benefit, and hold as trustee for it any profits derived." Minn. Stat. § 323.20 (1984). The trial court's memorandum states:

Mr. and Mrs. Margeson made a joint decision that Mrs. Margeson should manage the jewelry store, and they both must live with the consequences of that decision. [Mr. Margeson] failed to prove by a preponderance of the evidence that Mrs. Margeson violated any duty of care in her management of the jewelry business.

Margeson's accountant, Robert Rossow, prepared an income statement showing the business sustained a net loss, after depreciation, of $22,461. The gross profit was $16,599, or 22% of the income; Rossow testified that, according to his projections, the gross profit should have been $36,151 or 48% of income. His projection of 48% was based on standards supplied by the Retail Jewelers of America. Rossow offered three possible explanations for Osseo

Jewelry and Repair's failure to meet his projections: the merchandise could have been sold at a greatly reduced price, some sales may not have been reported, and inventory may not have been recorded. On cross-examination, Rossow stated that he had no other evidence to indicate that Vogel failed to report income. Vogel denied failing to report income.

Vogel contends that the projection of 48% is not relevant to Osseo Jewelry and Repair because the Osseo store is not a member of Retail Jewelers of America and is not necessarily comparable to the member stores upon which the 48% standard is based. No evidence was introduced as to the organization or membership of that association.

■ Aside from the accountant's projections, Margeson offered no other evidence of Vogel's gross mismanagement or profit-skimming. It is undisputed that Vogel commingled business and personal funds. However, when the two members of a partnership are married to each other, the commingling of business and personal funds does not necessarily prove a breach of good faith. Margeson has the burden of showing a breach of good faith. *See Wilson v. Moline*, 229 Minn. 164, 171–72, 38 N.W.2d 201, 206 (1949). The trial court's finding that Vogel violated no duty of care under partnership law is not clearly erroneous.

### II

■ Margeson argues that the trial court erred in failing to order Vogel to hold Margeson harmless for any taxes due on unreported income. He says it would be "exceedingly unjust if the appellant was compelled to pay taxes on profits which the respondent has appropriated to herself in breach of her fiduciary duty."

The trial court, however, found that Vogel did not breach any fiduciary duty, and it did not abuse its discretion in so finding. Therefore, it follows that the court did not err in failing to order Vogel to hold Margeson harmless for the taxes on any unaccounted-for profits.

## III

Vogel argues that the trial court's failure to find she made non-marital contributions to the improvement of the commercial building constitutes an abuse of discretion. She claims that approximately $10,000 used to improve the building was non-marital cash which she received as gifts from her mother and from her interest in a contract for deed. Those monies, she contends, should be returned to her out of the proceeds of the sale.

Margeson disputes Vogel's claims of non-marital contributions to the improvement of the building. For instance, he contends that he was a joint owner of the property from which the contract for deed payments were derived. In any event, Margeson argues, whether or not Vogel contributed non-marital funds to the business and building, she also used substantial sums from the business' barter and checking accounts for her personal use.

The trial court made no findings as to the marital or non-marital character of the funds received from Vogel's mother (about $6,600) or the amounts received on the contract for deed. The court's memorandum provides:

> It is clear that Mrs. Margeson received certain sums of money from her mother, * * * which were deposited into the joint checking account of the parties. It is also clear that Mrs. Margeson contributed funds from the parties' joint checking account to Osseo Jewelry on many occasions. *It was not established by a preponderance of the evidence that Mrs. Margeson contributed a specific amount of nonmarital property to the operation of the business.* The evidence showed that to a certain degree the business and personal funds were commingled; Mrs. Margeson used business funds to purchase such things as eyeglasses, golf clubs, lawn care services, a telegram from Fantasygram and a tombstone for her mother's grave.

■ It is the task of the court to divide marital property in a just and equitable fashion. Minn.Stat. § 518.58 (1984).

By implication, non-marital property remains with the spouse to whom it belongs. A gift made to one spouse but not to the other spouse is non-marital property. *See* Minn.Stat. § 518.54, subd. 5 (1984). If an asset was acquired in exchange for non-marital property, the proceeds from that asset must be traced to the non-marital source. *Kottke v. Kottke,* 353 N.W.2d 633, 636 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Dec. 20, 1984). The present case is distinguishable from *Kottke,* however, in that the funds here are not readily traceable. There is much conflicting testimony on whether or not some of the money was non-marital or, if it was, whether it was used to improve the building. In addition, Vogel used business funds for personal expenses on many occasions. Under these circumstances the trial court's failure to characterize or trace non-marital property was not an abuse of discretion. The overall property division remains equitable.

## IV

■ The original judgment and decree entitled each party to keep personal property in his or her possession. Margeson testified that he received a broken snowblower and some tools. He estimated the value of the furniture and personal property in Vogel's possession at $20,000. Vogel testified that in her opinion the total value of household goods in her possession was $5,000.

Absent an abuse of broad discretion, the division determined by the trial court will not be disturbed. *Taylor v. Taylor,* 329 N.W.2d 795, 797 (Minn.1983). Trial courts must make a just and equitable disposition of the property, but there is no requirement that the awards be equal. *See Ruzic v. Ruzic,* 281 N.W.2d 502 (Minn.1979).

Neither party introduced any other evidence as to the total value of the personal property. Furthermore, Margeson is earning $1,958 per month, while Vogel is working 15–20 hours per week earning $8.25 per hour. It is appropriate that the trial court consider the earning abilities and circumstances of the parties in exercising its dis-

cretion. *Hertz v. Hertz*, 304 Minn. 144, 147, 229 N.W.2d 42, 45 (1975). Because of the disparity in the parties' incomes and lack of evidence concerning a disparity of value between personal property in the possession of the parties, we do not find that the trial court abused its discretion in dividing the personal property.

## V

The trial court ordered Margeson to pay $486 per month for child support. Margeson contends this was an abuse of the court's discretion because (1) the court included his bonus and overtime pay in calculating income, and (2) the court did not account for debts for the child's support for which Margeson is responsible.

Margeson argues that because overtime and bonuses are uncertain, they should not have been included in calculating his income for child support purposes. Additionally, he says because of a foot injury, overtime will be reduced. No medical evidence was introduced to support his claim that his foot injury would decrease his income.

Child support payment guidelines take into consideration "all earnings, income and resources of the obligor" Minn.Stat. § 518.-551, subd. 5(a)(1) (1984). There is evidence in the record that overtime is generally required of cameramen. If, in fact, Margeson's earnings do decrease substantially, he may petition for a modification of the order according to Minn.Stat. § 518.64 (1984).

Minn.Stat. § 518.551, subd. 5(b) (1984) allows a court to depart from the child support guidelines and consider debts owed if the debt was reasonably incurred for the necessary support of the child. This provision is not mandatory and, further, Margeson did not offer the documentation required by Minn.Stat. § 518.551, subd. 5(b) (3) and (4). For these reasons, the trial court did not abuse its discretion in determining Margeson's child support obligations.

## DECISION

The trial court did not err in finding no breach of fiduciary duty in the manage-ment of the partnership, in dividing the parties' property, or in setting child support.

Affirmed.