**In re the Marriage of William G. VAN DYKE, Petitioner, Respondent,**

v.

**Virginia Otto VAN DYKE, Appellant.**

No. C4–85–2336.

Court of Appeals of Minnesota.

May 6, 1986.

Alan C. Eidsness, Henson & Efron, P.A., Minneapolis, for respondent.

John G. Patterson, Kathryn A. Graves, Moore, Costello & Hart, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order modifying the child support award to permit deduction of visitation costs of the parties' children. We affirm in part, reverse in part and remand.

## FACTS

The marriage of Virginia Otto Van Dyke and William G. Van Dyke was dissolved on April 11, 1985. The parties stipulated to the terms of the judgment and decree. The parties were given joint legal custody of their two minor children, Caroline Julie Van Dyke, then ten years old, and Colin Grant Van Dyke, then eight years old. Virginia received physical custody of the children subject to liberal visitation by William.

Under the terms of the judgment and decree of April 11, 1985, William Van Dyke pays $550 per month, per child, in child support. He also pays $150 per month, per child, into a trust fund for the children's education. William pays Virginia $1,000 per month in maintenance. The maintenance payments will end January 15, 1987. In 1987 and 1988, William must pay Virginia the lesser of half his bonus or $6,000, within ten days of receiving the bonus.

William Van Dyke's monthly net income is $3,730, exclusive of bonus. With deductions for child support and maintenance, his monthly disposable income is $1,330.

Virginia Van Dyke has an annual salary of $22,000. Her gross monthly income, exclusive of maintenance, child support, and her share of William's bonus, is $1,833. After taxes, Virginia's net disposable income is at least $2,900 per month, including maintenance and child support payments. By her own estimates, her monthly disposable income will be $3,427 in 1986, $2,927 in 1987 and 1988, and $2,427 in 1989.

In August of 1985, Virginia accepted a position at Good Will Industries in Portland, Maine. William permitted the move provided the parties agreed to a visitation schedule and to payment for visitation.

On August 14, 1985, Virginia petitioned the court to grant her leave to move to Portland, Maine with the parties' children. She also asked the court to modify visitation to two times a year and to order William to pay travel costs for visitation. William counterclaimed, asking that the modification to visitation be four visits a year and requesting a reduction in child support to account for the increased costs of visitation.

The trial court found the move to Maine was a substantial change in circumstances which made the terms of the original child support order unreasonable and unfair. See Minn.Stat. §§ 518.18 (1984), 518.64, subd. 2 (1984). The court made no finding that the changes were consistent with the needs of the children. The court approved Virginia's move to Maine with the parties' children.

The trial court amended the original judgment and decree on October 14, 1985. The court changed the visitation schedule to four visits a year, as follows: a four day weekend in the fall, one week over Christmas, one week in spring and four weeks in summer. In addition, William may reduce his child support payments by the cost of four round-trip airline tickets per year, per child, provided the trips occur. Virginia does not challenge the new visitation schedule on appeal.

## ISSUES

1. Did the trial court err in failing to make a specific finding that decreasing respondent's child support obligation was consistent with the children's needs?

2. Did the trial court abuse its discretion in allowing respondent to deduct visitation costs from child support and in denying appellant's motion to have respondent pay for the visits?

## ANALYSIS

### I.

Appellant argues the trial court must make two specific findings of fact before modifying a child support order. First, the trial court must find the terms of the original decree unreasonable and unfair. Second, the court must find that modification of the decree would not be against the best interests of the children involved. Accordingly, appellant contends, the trial court's failure to make a specific finding on the best interests of the children is reversible error.

Respondent counters that the trial court is not required to make a specific finding on the best interests of the children where the record supports the trial court's decision.

■ We are compelled to point out that the "best interest of the child" standard governing the modification of visitation rights is not at issue on appeal. *See* Minn. Stat. § 518.175, subd. 1 (1984). This should not be confused with the standard set out in Minn.Stat. § 518.64, subd. 2 (1984) which deals with modification of child support.

■ In ordering modification of child support, the trial court must consider first, whether the factors listed in § 518.64, subd. 2, alone or in combination, create a substantial change in circumstances to warrant modification. Second, after considering the needs of the children and the parties' financial situations, the court must determine what modification should be made. *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986). The trial court must make specific findings as to these factors which the legislature required to be considered when modifying child support awards. *Id.*

It is not sufficient that the record shows that modification serves the needs of the children. *Id.* Findings are required to demonstrate that the trial court actually took all relevant factors into consideration. *Erickson v. Erickson,* 385 N.W.2d 301 (Minn.1986).

Here the trial court made no findings on the needs of the children in ordering modification of the child support decree. Under *Moylan,* the modification must be reversed and the case remanded for findings on the needs of the children.

### II.

Appellant argues that the trial court's modification of the child support award is an abuse of discretion. First, appellant challenges the trial court's findings (1) that the move to Maine was a change in circumstances making the terms of the original award unreasonable and unfair and (2) on the financial situations of the parties. Second, appellant claims that a reduction in child support is not in the best interests of the parties' children.

Respondent argues that the trial court has broad discretion in modifying child support and visitation decrees. Respondent also claims that appellant's financial analysis in support of her claim is flawed. In addition, respondent argues that the deduction of visitation costs from child support will not harm the parties' children.

Again, it should be pointed out that it is the "needs of the children" we are concerned with when ruling on a *support* obligation, not the "best interests of the children."

The trial court should be affirmed if its determination has a reasonable and acceptable basis in fact. *E.g., Lukanen v. Lukanen,* 357 N.W.2d 380, 382 (Minn.Ct.App. 1984). The trial court will be overturned only on a showing of clear error or abuse of its broad discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984).

Appellant challenges the trial court's finding that the move out of state was a sufficient change in circumstances to warrant modification of child support, citing *Kellen v. Kellen,* 367 N.W.2d 648 (Minn.Ct.

App.1985). Appellant also argues that the trial court abused its discretion in analyzing the parties' respective financial situations. Appellant claims that respondent's net income is understated because it doesn't include his bonus or income from property. *See McClelland v. McClelland,* 359 N.W.2d 7, 9 (Minn.1984) (wife's income producing property in income should be included for purpose of determining spousal maintenance); *Margeson v. Margeson,* 376 N.W.2d 269, 274 (Minn.Ct.App.1985) (bonus should be included in husband's income for purpose of determining spousal maintenance). Appellant also claims that *Kellen, Stewart v. Stewart,* 373 N.W.2d 856 (Minn.Ct.App.1985) and *Gordon v. Gordon,* 356 N.W.2d 436 (Minn.Ct.App.1984), stand for the proposition that the person in the best position to pay for visitation should pay. Since William is arguably in a better position to pay, appellant claims that the trial court abused its discretion by deducting visitation costs from the support payments.

Finally, appellant argues that the change in child support is not in the children's best interests. We repeat that it is the "children's needs" that are at issue. Appellant argues that the court should try to minimize the financial consequences of divorce to the children. *Stewart,* 373 N.W.2d at 858. Appellant contends that the change will adversely affect the children's standard of living and is therefore an abuse of the trial court's discretion.

■ Appellant's arguments on the trial court's specific findings are not persuasive. First, *Kellen* does not stand for the proposition that a move out of state is not a change in circumstances for the purposes of § 518.64. In *Kellen,* the fact that appellant moved out of state, from East Grand Forks, Minnesota, to Grand Forks, North Dakota did not constitute a change in circumstances, *per se. Kellen,* 367 N.W.2d at 651. Unlike the move of three or four miles in *Kellen,* the move here was a substantial distance. The trial court made a specific finding that the move constituted a change in circumstances and that the

change made the original decree unreasonable and unfair. The record supports the trial court's finding.

■ Second, appellant's arguments on the trial court's findings concerning the parties' finances also fail to show that the trial court abused its broad discretion. She first argues that respondent must include his bonus in his income. Yet, she does not include her share of half that bonus in her own income. Next, she argues that *McClelland* and *Margeson* support her claims on child support. *McClelland* and *Margeson* are spousal maintenance cases and do not support appellant's claims here. Finally, *Gordon, Stewart* and *Kellen* do not support the proposition that the person in the best position to pay for visitation should do so. These cases reflect the discretionary nature of rulings on child support motions. The trial court did not abuse that discretion with regard to the specific findings.

However, the trial court erred regarding the children's needs. The trial court must specifically consider the needs of the children in modifying a child support award under § 518.64. On remand, the trial court should consider the following factors:

a. The financial resources and needs of the child;

b. The financial resources and needs of the custodial parent;

c. The standard of living the child would have enjoyed had the marriage not been dissolved;

d. The physical and emotional condition of the child, and his educational needs; and

e. The financial resources and needs of the custodial parent.

Minn.Stat. § 518.17, subd. 4 (1984); *Moylan,* 384 N.W.2d 859.

### DECISION

The trial court erred in failing to make a specific finding on the needs of the children in modifying the child support decree. The trial court erred in modifying the decree. However, the trial court's findings on the

financial situations of the parties and on changed circumstances were not in error.

Affirmed in part, reversed in part and remanded for findings not inconsistent with this opinion.