In re the Marriage of: Brad L. BALLARD, Petitioner, Respondent,

v.

Jill M. WOLD, f/k/a Jill M. Ballard, Appellant.

No. C5-91-2371.

Court of Appeals of Minnesota.

June 9, 1992.

James R. Forsythe, Streather, Murphy, Gernander, Forsythe & Telstad, P.A., Winona, for respondent.

Kathleen O'Connor, William M. Kronschnabel, St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and SCHUMACHER and SHORT, JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's order granting respondent an additional week of visitation and splitting the costs of transportation for such visitation without findings supporting its decision.

## FACTS

The marriage of the parties was dissolved in September 1988. Physical custody of two children was placed with appellant and she was awarded child support. Shortly after the dissolution, appellant and her children moved from Winona to the Twin Cities, a distance of approximately 120 miles.

A June 1989 order set visitation at once per month. That order provided that "each party shall be responsible for one-half the transportation involved in each of [respondent's] visits with the children." In September 1991, respondent requested bi-weekly visitation. Granting that request, the trial court added:

> [Appellant] shall transport the children to the [respondent's] home for the commencement of the visitation and the [respondent] shall transport the children to the [appellant's] home at the end of the visitation. If for health reasons or other legitimate reasons either party cannot fulfill her or his transporting responsibility for a particular weekend that parent shall give as much notice as possible to the other parent and the other parent will then perform the transportation and will be reimbursed at the rate of $.27 per mile by the parent not able to fulfill her or his transportation obligation.

Appellant contends the trial court's order must include findings on the apportionment of transportation costs. She also contends the trial court could not impose additional costs on her, in effect reducing her child support without taking evidence on the existence of a substantial change in circumstances under Minn.Stat. § 518.64 (1990).

## ISSUES

1. Did the trial court err by apportioning transportation costs without making findings supporting its decision?

2. Was the trial court empowered to apportion transportation expenses without evidence sufficient to modify a child support award?

## ANALYSIS

### 1.

■ There is merit in appellant's contention on the absence of trial court findings to support the apportionment of transportation costs. We cannot meaningfully review the trial court's decision without findings indicating the court's rationale. *Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986) (findings necessary to support a judgment and to aid appellate court by providing clear understanding of basis and grounds for decision). The case must be remanded for findings to support the trial court's decision. We observe that neither party submitted evidence of financial hardship

connected with apportioning transportation costs. If offered, the trial court may take additional evidence to determine the financial impact of its decision.

### 2.

 Appellant also contends that she must be spared any expense unless respondent succeeds in demonstrating and the trial court finds a substantial change in circumstances since child support was decided in 1990. *See* Minn.Stat. § 518.64, subd. 2(a). Appellant's argument is premised on the assumption that her added transportation expenses constitute a decrease in the amount of child support she receives. Appellant cites *Kellen v. Kellen,* 367 N.W.2d 648 (Minn.App.1985), to support her position. There the court found that an increased transportation obligation constitutes a decrease in child support which must be accompanied by a finding that there has been a substantial change in circumstances under Minn.Stat. § 518.64. *Id.* at 650–51. However, *Kellen*'s holding was unique to its circumstances and does not control here.

In *Kellen,* the custodial parent moved the court for permission to move the children from East Grand Forks, Minnesota to Grand Forks, North Dakota, a distance of approximately three miles. Clearly, the move was not relevant at all to transportation costs. In addition, there was no change in the visitation schedules. The court in *Kellen* dealt with the decision to switch transportation expense obligations from one spouse to the other. Here, no such transfer of obligation occurs. Rather, the court addresses the more neutral question of apportioning the costs of new visitation expenses. The Minnesota Supreme Court, addressing the issue of removal of a child out of state, directs that

> the court shall make such modifications of visitation as are reasonable and necessary to maintain a good relationship between the noncustodial parent and child, and may make appropriate adjustments in child support to spread the cost of visitation in an equitable manner, provid-

ed that such adjustments are not against the best interests of the child.

*Auge v. Auge,* 334 N.W.2d 393, 400 (Minn. 1983). Similarly, when otherwise making adjustments to visitation, the court should allocate new transportation expenses equitably.

 New transportation expenses commonly arise with a move of a custodial parent. *Auge* makes it evident that these arrangements must be adjudicated without rigidly applying statutes normally governing changed circumstances. Thus, the custodial parent is permitted to move the children without the showing of endangerment which is normally needed to permit a change in visitation. Similarly, a contesting noncustodial parent whose plea is tantamount to a proposal to change the previous custody placement is entitled to a hearing upon demonstrating that a change is required to protect the best interests of the child. No showing of endangerment is required by the court in these circumstances. Similarly, the trial court is instructed to allocate new transportation expenses equitably, taking into account the current financial situation of the parties as well as other considerations which affect the decision.

### DECISION

We remand to the trial court for findings supporting its decision to allocate new transportation costs between the parties.

Reversed and remanded.