The record does not support a finding that councilmembers acted recklessly or with evil intent. Instead, the record displays councilmembers who carelessly failed to appropriately restrict their conversations during meetings that were properly closed for the purpose of discussing labor negotiations. This may be misfeasance. It is neither malfeasance nor nonfeasance. The trial court properly refused to remove councilmembers from office.

---

**In re the Support of J.M.K. and S.R.K.**

No. C0–93–578.

Court of Appeals of Minnesota.

Nov. 2, 1993.

---

Boyd A. Beccue, County Atty., John L. Kallestad, Asst. County Atty., Willmar, for appellant S.K.

Gregory R. Anderson, Hulstrand, Anderson, Larson & Hanson, Willmar, for respondent A.K.

Considered and decided by PETERSON, P.J., and DAVIES and STONE, JJ.

## OPINION

BRUCE C. STONE, Acting Judge.*

Appellant S.K. served a motion and order to show cause under Minn.Stat. § 256.87, subd. 5 (1992), seeking to establish child support obligations on the part of her husband, respondent A.K. The district court approved a stipulation for prospective payments but denied that portion of the motion requesting retroactive payments. We affirm.

## FACTS

S.K. and A.K. separated on April 6, 1992. The parties have two minor children, currently aged 12 and 14, who reside with S.K.

A.K. made payments of $1,002 toward household expenses for the months of May and June. He then stopped all payments toward support of the children. On July 10, 1992, S.K. filed for collection support services with Kandiyohi County. At that point dissolution proceedings had not been instituted, she was not receiving public assistance, and there was no outstanding support order.

On August 26, 1992, the county attorney served a motion and order to show cause upon A.K. under Minn.Stat. § 256.87, subd. 5. The motion requested future support obligations, and payment of past support effective the date of separation.

On November 18, 1992, the district court approved a stipulation providing that A.K. would pay support in the amount of $350 per month. The next day, the court denied a motion for retroactive support payments.

A dissolution proceeding under chapter 518 was commenced by A.K. on or about the date of the chapter 256 hearing. The county attorney did not represent S.K. in the dissolution action, but represented her in the chapter 256 hearing. S.K., through the county attorney's office, appeals that portion of the order denying retroactive support payments.

## ISSUE

Did the district court err by denying child support retroactive to the date of separation?

## ANALYSIS

There are two statutes primarily involved in this case. Minn.Stat. § 256.87, subd. 5 (1992) reads in applicable part:

A parent having custody of a dependent child *not receiving assistance* * * * has a cause of action for child support against the child's absent parent. Upon an order to show cause and a motion served upon the absent parent, the court shall order child support payments from the absent parent *under chapter 518.*

*Id.* (emphasis supplied). Minn.Stat. § 518.-131, subd. 1 (1992) provides that a temporary order for child support is available *"[i]n a proceeding* brought for custody, dissolution, or legal separation, or for the disposition of property, maintenance, or child support following the dissolution of a marriage[.]" *Id.* (emphasis supplied).

The district court found that since there was no existing order for support, and presumably since there were no arrearages, the county attorney did not have statutory authority to pursue a collection matter in this case under chapter 256. *See* 42 U.S.C.A. § 654(6)(A) (West Supp.1993) (state may pro-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

vide support collection services under A.F.D.C. plan if support obligation has been established). Despite this defect, the court decided the case on its merits since all parties were properly represented.

■ The district court found that support could not be made retroactive because a retroactive support decree is only available during the pendency of a chapter 518 action. Since there was no dissolution proceeding in place until the time of the hearing, the district court properly determined it lacked authority to grant a temporary order for retroactive child support.

S.K. claims this ruling precludes any order for retroactive child support, under any circumstances. She argues this runs counter to the well established principle that regardless of legitimacy, "a parent's obligation to support his child commences with the child's birth." *Jacobs v. Jacobs,* 309 N.W.2d 303, 305 (Minn.1981). We find no such impediment to an ultimate determination of when payments should commence, and do not conclude the *Jacobs* principle is obviated by this determination.

The proceeding before the district court was treated as a request for a temporary child support order under chapter 518. As such, this does not foreclose the possibility of the court awarding a retroactive support award in the final dissolution proceeding. Specifically,

> [a] temporary order shall continue in full force and effect until the earlier of its amendment or vacation, dismissal of the main action *or entry of a final decree of dissolution* or legal separation.

Minn.Stat. § 518.131, subd. 5 (1992) (emphasis supplied). Thus, the temporary order does not in any way limit a court's ability to fashion a final dissolution order. In this light, the district court is free to apply the *Jacobs* admonition that a parent's child support responsibilities begin at the child's birth, and also to consider all payments A.K. made since the time of separation. In this way, the district court may address all of the parties' concerns in a single action and with full consideration of all the facts and circumstances. We do not believe retroactivity can be adequately dealt with simply on an order to show cause under chapter 256, with no prior support order.

A.K. claims the county attorney's representation of S.K. was unauthorized. This issue was not raised by S.K., nor was it the subject of a notice of review. Indeed, as the district court found that the representation was improper, there is no decision adverse to A.K. or reviewable issue present. *See* Minn. R.Civ.App.P. 106. We therefore decline to address the issue.

## DECISION

■ Orders for child support pursuant to motions to show cause under Minn.Stat. § 256.87, subd. 5 may not impose retroactive child support obligations. Any such obligation may only be imposed pursuant to trial or stipulation under chapter 518.

**Affirmed.**