In re the Marriage of Sandra
L. KORF, Appellant,

v.

Steven H. KORF, Respondent.

No. C4–95–2418.

Court of Appeals of Minnesota.

Aug. 27, 1996.

Terry L. Mitchell, Mitchell and Bruder, Minneapolis, for Appellant.

Steven A. Sicheneder, Tennis and Sicheneder, P.A., Forest Lake, for Respondent.

Considered and decided by PARKER, P.J., and RANDALL and SCHULTZ*, JJ.

## OPINION

RANDALL, Judge.

Appellant argues that the trial court erred when it failed to expressly assign or reserve responsibility for the costs of maintaining the minor children's medical and life insurance, uninsured health care costs, and day care costs. Appellant also challenges the trial court's valuation of the parties' vehicles. Respondent claims the trial court erred in

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

awarding retroactive child support, in awarding attorney fees, and in calculating and dividing a portion of the parties' debts. We affirm in part and remand in part.

## FACTS

Appellant Susan Korf and respondent Steven Korf were married on September 11, 1982. They separated on or about June 1, 1992, at which time respondent left the homestead and established a separate residence. Appellant commenced this action on December 28, 1992, when she signed a Petition for Dissolution of Marriage.

In addition to the dissolution petition, appellant served respondent with a motion seeking temporary relief. Among other things, appellant requested that the trial court direct the parties to maintain all medical, health, and accident insurance; life insurance; and automobile insurance in full force and effect without any change in the amounts or beneficiaries. Appellant did not seek reimbursement for these costs, nor did she seek reimbursement for the two minor children's day care costs.

Appellant's motion came on for hearing on February 2, 1993, and the trial court issued its order for temporary relief on March 10, 1993. As appellant specifically requested, the trial court ordered the parties to maintain all existing insurance policies in full force and effect without change. The trial court also set temporary child support for the parties' two minor children at $476.90 per month retroactive to June 1, 1992, the date of the parties' separation. After crediting respondent for money he deposited into the parties' joint checking account, the trial court found respondent to be $1,832.96 in arrears on his child support obligation. Neither party objected to the terms of the temporary order, and neither requested that it be modified.

The final hearing in this matter commenced on August 19, 1993, lasted four days, and was spread over a 13-month period. In the original Judgment and Decree, the trial court ordered respondent to reimburse appellant for the costs of family health care, the children's life insurance, the uninsured medical costs of the minor children, and for the children's day care incurred during the pendency of the dissolution proceeding. However, after considering the parties' post-trial motions, the trial court reversed itself, holding that respondent was not required to reimburse appellant. The trial court concluded that under the temporary order respondent was not responsible for these costs and that appellant failed to move the court prior to the date of trial to address this issue. The trial court also ordered respondent to pay appellant $3,000 in attorney fees based on a finding that his conduct unnecessarily increased the cost of litigation.

Both parties filed notice of appeal.

## ISSUES

1. Whether the trial court erred in rejecting appellant's request for contribution toward medical premiums, day care, and medical costs not covered by insurance.

2. Whether the trial court erred in awarding temporary child support retroactive to the date of the parties' separation.

3. Whether the trial court erred in its award of attorneys fees.

4. Whether the trial court erred in its valuation of the parties' automobiles.

5. Whether the trial court erred in calculating and dividing the parties' debts.

## ANALYSIS

### I.

Appellant contends the trial court erred in denying her claim for contribution from respondent for the costs associated with maintaining the minor children's medical, accident, and life insurance and day care expenses she incurred during the pendency of the dissolution proceeding.

██ The trial court has broad discretion in determining child support obligations and its decision will not be reversed absent an abuse of that discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). Medical needs of minor children, including insurance coverage, are in the nature of child support. *See Bock v. Bock,* 506 N.W.2d 321, 326 (Minn. App.1993) ("An obligor's liability for medical

needs is deemed child support of the purpose of enforcement."); Minn.Stat. § 518.171, subd. 10 (1994) (for the purpose of enforcement, the costs of individual or group health, dental coverage, all medical costs, including health and dental insurance premiums, ordered by the court but paid by obligee because of obligor's failure to comply, are additional child support).

Appellant argues that pursuant to Minn. Stat. § 518.171, subd. 1(a) (1994), the trial court was required to expressly assign or reserve responsibility for the costs associated with maintaining medical insurance for the minor children and any uninsured medical and dental costs. This section provides:

> Every child support order must expressly assign or reserve the responsibility for maintaining medical insurance for the minor children and the division of uninsured medical and dental costs.

Minn.Stat. § 518.171, subd. 1(a) (1994).

First, we note that the statutory language appellant argues to support her position became effective August 1, 1993, nearly 4 1/2 months **after** the trial court issued its temporary order for relief. Further, the statutory division of day care costs as required by Minn.Stat. § 518.551, subd. 5, did not become effective until August 1, 1993.

■ But most importantly, we conclude that we need not address the issue of whether the trial court had the discretion to revise the temporary order and specifically allocate responsibility for the costs associated with maintaining the various insurance policies, uninsured expenses, and day care costs for the children under Minn.Stat. § 518.171, subd. 1(a). Contrary to appellant's assertions, the trial court did properly allocate such payments.[1] The trial court ordered all existing policies to remain in full force and effect as part of the temporary order. By common sense definition, that order allocated to each party who had a policy the responsibility for paying the premiums for that policy. The trial court simply preserved the status quo. The trial court ruling requiring both parties to keep all present insurance policies in full force and effect granted appellant exactly what she requested. Appellant cannot now be heard to say the trial court committed reversible error when it granted appellant the relief she sought. She was free to move the trial court at the time of the temporary hearing for an order directing **both** that the policies of insurance be kept in full force and effect **and** for monetary contribution from the respondent for his share of those premiums. She did not.

■ Similarly, appellant's assertion that she had no avenue of review other than at the final hearing is misleading. If appellant found the terms of the temporary order unsatisfactory, she was free to move the trial court for an order revoking or modifying the temporary order pursuant to Minnesota Statute section 518.131, subd. 9(a). This section provides that a temporary order, "[m]ay be revoked or modified by the court before the final disposition of the proceeding." Minn. Stat. § 518.131, subd. 9(a). Appellant did not so move.

■ Although a trial court may have the authority to review and revise the provisions of the temporary order at the time of the final hearing, the trial court is not required to do so. Accordingly, it is difficult to conclude as a matter of law that the trial court abused its discretion in refusing to disturb the relief appellant requested and received.

## II.

■ Respondent argues that the trial court abused its discretion in awarding temporary child support retroactively for a period of time prior to the commencement of the dissolution proceeding.[2] The trial court in its

---

1. Temporary relief orders are unappealable. *Rigwald v. Rigwald,* 423 N.W.2d 701, 705 (Minn. App.1988). To the extent we consider the temporary order for relief, we do so because the trial court explicitly used the temporary order for relief as a basis to amend the Judgment and Decree and therefore it is necessary for our review of the final amended Judgment and Decree. *See* Minn. R. Civ.App.P., 103.04 (on appeal from a judgment, appellate court may address an order "affecting" judgment).

2. Respondent did not seek to have the temporary order for relief ordering him to pay child support retroactively to the date of the parties' separation modified or vacated, nor did he raise the issue in his post-trial motions. However, this issue was not objected to by appellant and was briefed and

order for temporary relief set respondent's child support obligation in the amount of $476.90 per month retroactive to June 1, 1992, the date of the parties' separation. The dissolution proceeding was commenced on December 28, 1992, when appellant signed the Petition for Dissolution.

Pursuant to Minn.Stat. § 518.131, subd. 1(c), the trial court has authority to set temporary child support. This section provides that:

> In a proceeding brought for * * * dissolution, or legal separation, or for * * * child support following the dissolution of a marriage, either party may, by motion, request from the court and the court may grant a temporary order pending the final disposition of the proceeding to or for:
>
> \* \* \* \* \* \*
>
> (c) temporary child support for the children of the parties.

Minn.Stat. § 518.131, subd. 1(c). In determining temporary child support the trial court is to follow the factors set forth in Minn.Stat. § 518.551. Minn.Stat. § 518.131, subd. 7. Respondent argues there is no authority in either Minn.Stat. § 518.131 or § 518.551 that allows a trial court to set a temporary child support obligation retroactive to a period prior to the commencement of the proceeding for dissolution of marriage.

On these facts, we are guided by our decision *In re J.M.K.*, 507 N.W.2d 459 (Minn. App.1993). In that case, the mother of two minor children, through the county attorney, filed a motion for an order to show cause seeking to recover child support payments from her husband. *Id.* at 460. The motion requested prospective support and the payment of past support effective from the date of the parties' separation. *Id.* At the time of the motion no dissolution proceedings had been commenced. *Id.* The trial court refused to award retroactive child support, ruling that such support was only available during the pendency of a chapter 518 proceeding. *Id.* at 461. We affirmed the trial court's decision, concluding that since no dissolution proceeding was in place until the

time of the hearing, the trial court lacked authority to grant a temporary order for retroactive child support. *Id.*

■ Appellant, as did the mother in *J.M.K.*, cites the Minnesota Supreme Court decision of *Jacobs v. Jacobs*, 309 N.W.2d 303 (Minn.1981). In that case, the supreme court made the general statement that, "a parent's obligation to support his child commences with the child's birth." *Id.* at 305. We can only observe that one reading of the facts in *Jacobs* tells the world that the case was *sui generis* and that it would be difficult to find another case "on all four corners." In *Jacobs*, the couple getting divorced make love the night before the divorce is final. She becomes pregnant. *Id.* There was a fight later about illegitimacy, child support, and a name. The trial judge accepted a medical doctor's testimony that the "last night" was probably the time of conception. *Id.* With that in mind, the putative father was found to have a child and, thus, was found to have an obligation to support that child starting from birth. *Id.* This is not news. The obligation of all parents, men and women, to love and support their children begins at birth. But that generalized statement in *Jacobs* cannot be used to claim that retroactive child support can go back years and years (while the child is a minor), even before a custodial parent commences a dissolution.

■ Generally, a trial court may not order retroactive child support for dates prior to the commencement of an action under chapter 518. However, as *J.M.K.* states, the power to award retroactive child support is not lost forever. The trial court may do so as part of the final decree. *J.M.K.*, 507 N.W.2d at 461. As we observed in that case:

> the temporary order does not in any way limit a court's ability to fashion a final dissolution order * * * the district court is free to apply the *Jacobs* admonition that a parent's child support responsibilities begin at the child's birth. * * *

*Id.* In this way, the trial court may consider all payments made by the obligor since the time of the separation and "address all of the

argued by both parties. Pursuant to Rule 103.04 of the Minnesota Rules of Civil Appellate Procedure, we accept review of this issue in the interest of justice.

parties' concerns in a single action * * * with full consideration of all the facts and circumstances." *Id.*

Here, the trial court included the terms of the temporary order into the final decree and found that both parties had complied with its terms and provisions. Respondent now seeks a setoff or a refund of approximately nine months of child support that he feels he improperly was required to pay.

 We can only conclude that when the trial court found in the final decree that respondent was current in all child support, it implicitly considered the issue of the nine months of retroactive child support and made that payment part of its final decree.[3] Without that ruling, we would agree with respondent's position based upon *J.M.K.* But we are satisfied the record shows the trial court did not abuse its discretion in not giving respondent credit for the nine months of child support he paid prior to appellant commencing this dissolution action.

## III.

 The award of attorneys fees is a decision within the trial court's discretion and its decision will not be disturbed absent an abuse of that discretion. *Smolecki v. Smolecki,* 386 N.W.2d 846, 849 (Minn.App. 1986), *review denied* (Minn. July 16, 1986). Respondent argues the trial court abused its discretion in ordering him to pay appellant $3,000 in attorneys fees because the trial court failed to make specific findings of need pursuant to Minnesota Statute section 518.14, subd. 1.

In *Dabrowski v. Dabrowski,* 477 N.W.2d 761 (Minn.App.1991), this court rejected such an argument holding that:

[f]ee awards under Minn.Stat. § 518.14 may be based on the impact a party's behavior has had on the costs of the litiga-

tion regardless of the relative financial resources of the parties.

*Id.* at 766; *Holder v. Holder,* 403 N.W.2d 269, 271 (Minn.App.1987)(financial resources are not the sole rationale for an award of attorney fees and the impact of a party's behavior on the costs of litigation may support such an award).

 Here, the trial court awarded appellant $3,000 in attorneys fees based on: (1) respondent's noncooperation and obstinate position regarding the valuation of the homestead, (2) respondent's denial of any responsibility for the a $16,300 loan to the parties from appellant's parents, Doris and Harvey Volk, and (3) the additional attorneys fees incurred by appellant because of a respondent's break-in of the homestead. Thus, the trial court's decision to award attorney fees was based not on the parties' relative financial ability, but rather conduct by respondent that may have increased the costs of litigation. We cannot find the trial court abused its discretion. *Id.* There is enough in the record to support the trial court's award of attorney fees.

## IV.

 Appellant argues the trial court erred in the valuation of the parties' automobiles because the trial court valued the vehicles at the date of separation rather than the date of the prehearing conference. However, the real issue before us is not whether the date of the parties' separation was the appropriate date on which to value the vehicles. Rather, on these facts, the issue is whether the trial court was consistent in its valuation of both vehicles. Here, the trial court valued respondent's pickup truck, less an outstanding debt owed on it, but failed to take into account the debt with regard to appellant's vehicle. As respondent concedes,

---

3. In the temporary order for relief the trial court, in setting respondent's child support obligation retroactive to the date of the parties' separation, found respondent to be in arrears. This is contrary to our decision in *County of Nicollet v. Haakenson,* 497 N.W.2d 611 (Minn.App.1993). In that case, we held that it was in error to order an obligation to pay and at the same time conclude that the obligor is already in arrears on the obligation established in that order. *Id.* at 616.

Noting that retroactive child support creates an instant "arrearage," this court held that an individual must be given the opportunity to pay retroactive child support and it "constitutes an arrearage only if it is not paid when due." *Id.* Thus, the trial court erred when it concluded respondent was in "arrears." This error, however, does not materially affect our decision in this case. *See* Minn. R. Civ. P. 61 (harmless error to be ignored).

the trial court, to be consistent, must value the appellant's car as of the date of the parties' separation subject to any outstanding encumbrances, because the trial court gave respondent credit for his car's encumbrance on the date of the parties' separation.

Respondent conceded at oral argument that appellant is due a setoff on the valuation of her vehicle. On the date of separation, the vehicle had a fair market value of $3,000, but an encumbrance of $2,636. This leaves only a $364 asset to her side of the ledger. An adjustment needs to be made in favor of appellant, as the trial court's valuation of $2,000, but no encumbrance, was $1636 too high.

On remand, we modify the trial court's valuation of appellant's vehicle by directing the trial court to transfer $1636 to appellant's side of the ledger.

## V.

Finally, respondent claims the trial court erred in calculating and dividing the marital debts. Specifically, respondent contends the trial court erred when it failed to consider $6,288 that he borrowed from his father and used for the purchase of a Cadillac automobile.

In dissolution proceedings, debts are apportioned as part of the property settlement and are treated in the same manner as the division of assets. *Lynch v. Lynch,* 411 N.W.2d 263, 266 (Minn.App.1987), *review denied* (Minn. Oct. 30, 1987). On review, this court will affirm the trial court's division of property if it has an acceptable basis in fact and principle even though this court may have taken a different approach. *Servin v. Servin,* 345 N.W.2d 754, 758 (Minn.1984) (citation omitted). The trial court has broad discretion in dividing marital property and its decision will not be overturned absent a clear abuse of that discretion. *Id.*

Here, the trial court found that it was "not convinced a loan was intended." The evidence in the record supports the trial court's finding. The record reveals that the debt for the car was not in writing, nor was it ever discussed with appellant. Respondent's father did not discuss the debt with respon-

dent until after the dissolution proceeding had commenced. Then respondent informed appellant that the car was provided by his father as a fringe benefit of his employment with him (the father) and that respondent's father paid for the Cadillac and was listed as the buyer. As appellant notes, the trial court had the ability to observe and evaluate the witnesses as they testified and weigh the credibility of that testimony. Minn. R. Civ. P. 52.01 ("[D]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.") We cannot find the trial court abused its discretion in its treatment of this debt.

## DECISION

We affirm the trial court's refusal to grant appellant's request for more contribution on medical expenses, costs, and day care.

The trial court properly allocated these child care costs.

The trial court properly denied respondent credit for nine months of child support respondent claims he was improperly ordered to pay.

We affirm the trial court's division of marital property, marital debt, and allocation of attorney fees to appellant.

We remand to the trial court to make the simple adjustment on appellant's vehicle that respondent agrees she is entitled to.

**Affirmed in part, remanded in part.**