*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1419**

In re the Marriage of:
Stacy Elizabeth Reeves, petitioner,
Appellant,

vs.

Brian Lawrence Reeves,
Respondent,

Hennepin County, intervenor,
Respondent.

**Filed May 11, 2015**
**Affirmed in part, reversed in part, and remanded**
**Chutich, Judge**

Hennepin County District Court
File No. 27-FA-13-2472

Zachary P. Marsh, Garfinkel Marsh LLC, Minneapolis, Minnesota (for appellant)

Brian Lawrence Reeves, Hoschton, Georgia (pro se respondent)

Michael O. Freeman, Hennepin County Attorney, Minneapolis, Minnesota (for respondent county)

Considered and decided by Smith, Presiding Judge; Rodenberg, Judge; and Chutich, Judge.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Petitioner-appellant Stacy Reeves (mother) appeals from judgment entered granting her a divorce from respondent Brian Reeves (father). Mother argues that the district court abused its discretion by (1) not applying father's child-support obligation retroactively, (2) failing to impute income to father, and (3) requiring the parties to divide equally the costs of transporting the children to Georgia to spend time in the summer with father. Because the district court acted within its discretion by declining to order retroactive child support, we affirm in part. But because the district court did not impute income to father under Minnesota Statutes section 518A.32, subdivision 2 (2014), and because requiring mother to pay half of the travel expenses to send two of the children to Georgia up to three separate times every summer is inequitable, we reverse in part and remand.

## FACTS

Mother and father were married in 2005 and have three minor children. In April 2013, the parties petitioned for dissolution of marriage. After a hearing, the district court dissolved the marriage but reserved issues of child support, maintenance, parenting time, and division of property.

In its order resolving the reserved issues, the district court found that father had a gross monthly income of $1,733 per month based on his unemployment compensation. Based on their income, the parties' combined parental income for determining child support was $2,436. The district court determined that the parties were able to support

2

the children throughout the proceeding without hardship. Because of this absence of hardship, the district court ordered father's child-support obligation to begin on December 1, 2013.

The district court further ordered that father, who now lives in Georgia, would have parenting time with the two oldest children for ten consecutive days in June, ten consecutive days in July, and ten consecutive days in August. The parties were to split equally the costs of transportation for these three visits.

Father moved for amended findings. He contended that his unemployment compensation ended in December 2013, making his gross income $0 per month. He asked the district court to amend the order to require him to pay the basic minimum support of $75 per month to mother. Mother opposed this motion.

Mother also moved for amended findings, asking that father's support obligation be retroactive to April 2, 2013. She argued that this amendment was appropriate because father had contributed no support since the separation, whereas her withdrawals from an account substantially reduced its balance. She additionally requested that the district court make father solely responsible for transportation costs for the children's summer trips to Georgia because he voluntarily moved to Georgia, and she had no choice in the matter. Father opposed this motion.

In April 2014, the district court amended its finding of father's gross income and adjusted his gross income to $0 per month. Based on this finding, the district court lowered his monthly support obligation to $75 per month. The district court found that

father was unemployed, and he would struggle to find employment given his learning disabilities and work experience.

The district court denied the portions of mother's motion at issue here. The district court found that neither party had the financial resources to cover travel expenses for the summer trips to and from Georgia and concluded that substantial evidence supported its finding that the parties split these expenses equally. The district court also declined to amend its finding regarding retroactive support. It stated that it had considered the parties' financial circumstances and the support received from the parties' parents, which justified its finding that the parties were able to support the children without the need for retroactive child support.

The amended findings were incorporated into the final judgment issued in July 2014. Mother appealed.

**D E C I S I O N**

**I.     Retroactive Child Support**

Mother first argues that the district court abused its discretion by failing to make child support retroactive, claiming that its findings are against facts in the record. We disagree.

A district court may, in its discretion, order retroactive child support in a final dissolution judgment. *Korf v. Korf*, 553 N.W.2d 706, 710 (Minn. App. 1996). It may consider all payments made since the separation and all of the facts and circumstances. *Id.* at 710-11. A district court abuses its discretion when it sets support in a manner that is against logic and the facts in the record or when it misapplies the law. *Ver Kuilen v.*

*Ver Kuilen*, 578 N.W.2d 790, 792 (Minn. App. 1998); *Kuronen v. Kuronen*, 499 N.W.2d 51, 53 (Minn. App. 1993), *review denied* (Minn. June 22, 1993).

The district court here ordered that father's child-support obligation begin on December 1, 2013. It found that given the parties' financial situations and the support they received from their parents, they were able to support the children throughout the proceeding without hardship. Because the record supports these findings, no abuse of discretion occurred.

Mother argues that support must be retroactive in part because father did not provide financial support throughout the proceedings. She claims that this lack of assistance distinguishes *Korf* and favors retroactivity. But nothing in *Korf* suggests that a district court abuses its discretion if it declines to make child support retroactive because a party did not contribute support during proceedings. And mother cites no other caselaw to support this argument. Nor did the district court err in finding that father supported the children throughout the proceedings. This argument therefore fails.

## II.     Imputation of Income

Mother next contends that the district court erred by failing to impute income to father. She asserts, and we agree, that the district court should have imputed income to father under one of the three statutory methods set forth in Minnesota Statutes section 518A.32 (2014).

In the district court's order, it noted that father is currently unemployed, and his unemployment benefits terminated in December 2013. Based on father's learning

5

disability and lack of work experience beyond working for his father-in-law, the district court calculated child support based on father's actual income of $0.

A district court's determination of income must be based in fact, and it will not be overturned unless it is clearly erroneous. *Schisel v. Schisel*, 762 N.W.2d 265, 272 (Minn. App. 2009); *see also Strauch v. Strauch*, 401 N.W.2d 444, 448 (Minn. App. 1987) ("A determination of net income for the purpose of calculating child support will be affirmed if it has a reasonable basis in fact."). If the determination of income is challenged on appeal, this court looks to the district court's findings and the record to ascertain whether the district court committed clear error. *Schisel*, 762 N.W.2d at 272. A district court has broad discretion to provide support for the parties' children. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). A district court abuses its discretion when it sets support in a manner that is against logic and the facts in the record or when it misapplies the law. *Kuronen*, 499 N.W.2d at 53.

To determine the presumptive child-support obligation of a parent, a district court must determine the parties' gross incomes. Minn. Stat. § 518A.34 (2014). Gross income includes potential income calculated under section 518A.32. Minn. Stat. § 518A.29(a) (2014). Child support based on potential income applies if a parent is voluntarily unemployed, underemployed, or employed less than full-time, or if there is no direct evidence of any income. Minn. Stat. § 518A.32, subd. 1. A district court "must" determine potential income according to one of three methods:

> (1) the parent's probable earnings level based on employment potential, recent work history, and occupational

6

qualifications in light of prevailing job opportunities and earnings levels in the community;

(2) if a parent is receiving unemployment compensation or workers' compensation, that parent's income may be calculated using the actual amount of the unemployment compensation or workers' compensation benefit received; or

(3) the amount of income a parent could earn working full time at 150 percent of the current federal or state minimum wage, whichever is higher.

*Id.*, subd. 2. The statute rebuttably presumes that a parent can work full-time. *Id.*, subd. 1. A parent is not voluntarily unemployed, underemployed, or employed on a less than full-time basis if that employment status (1) is temporary and will lead to increased income, (2) is because of a bona fide career change that outweighs the adverse effect of the diminished income on the child, or (3) because of mental or physical incapacitation or incarceration. *Id.*, subd. 3.

Although a district court may deviate from the presumptive child-support obligation determined under section 518A.34, it must make written findings stating how the deviation serves the best interests of the child. Minn. Stat. § 518A.37, subd. 2 (2014).

Here, after determining that father is unemployed but no longer receiving unemployment benefits, the district court calculated father's support obligation based on his actual gross income of $0. The district court used this figure in part because of father's learning disability. But it did not find that father's learning disability is a mental incapacitation sufficient to render father's unemployment involuntary under section 518A.32, subdivision 3(3). Additionally, a review of the record demonstrates that although father's learning disability was discussed, no evidence suggested that it

7

prevented him from being gainfully employed. And it is rebuttably presumed that a parent can be gainfully employed on a full-time basis. Minn. Stat. § 518A.32, subd. 1.

We recognize that the district court may have intended its calculation of support based on father's assigned income of $0 to be a deviation from the child-support guidelines. But deviation from the guidelines requires written findings illustrating how the deviation serves the best interests of the children. Minn. Stat. § 518A.37, subd. 2. We therefore reverse this aspect of the order and remand the issue to the district court. *See Butt v. Schmidt*, 747 N.W.2d 566, 577 (Minn. 2008) (remanding case to district court to follow proper procedure for imputing income). On remand, the district court should determine whether it will: (1) impute income to father; (2) make findings about whether father's unemployment is involuntary; or, if it determines that father is not voluntarily unemployed but imputation of income is inappropriate, (3) make findings as to how this deviation serves the children's best interests.

### III.    Travel Expenses

Finally, mother argues that the district court abused its discretion by ordering her to contribute 50% to the travel expenses to transport the children from Minnesota to and from Georgia up to three times in the summer. She asserts that this division, which imposes a nearly insurmountable financial burden on her, is against logic. We agree.

A district court's decision regarding visitation questions is reviewed for abuse of discretion. *LaChapelle v. Mitten*, 607 N.W.2d 151, 165 (Minn. App. 2000), *review denied* (Minn. May 16, 2000). District courts should allocate transportation expenses

8

equitably, considering the parties' financial situations. *Ballard v. Wold*, 486 N.W.2d 161, 163 (Minn. App. 1992).

Although the district court considered the parties' financial circumstances, we conclude that the equal division ordered is inequitable and illogical. Paying half the cost of transportation of two young children to fly across the country three times in three months would be a difficult burden for anyone to undertake. But ordering mother—who makes just over $700 per month—to bear these costs for separate visits crosses the line from difficult to inequitable. While we realize that father is currently unemployed with his own financial struggles, we also note that he voluntarily chose to move to Georgia. We conclude that it is unreasonable for mother to have to subsidize the high cost of his decision as many as three times in a three-month period.

**Affirmed in part, reversed in part, and remanded.**